IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SEDILLO ELECTRIC and
TELESFOR SEDILLO,

        Plaintiffs,

vs.                                 No.  1:16-cv-43

COLORADO CASUALTY INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY, AND
PEERLESS INSURANCE COMPANY,

        Defendants.

## NOTICE OF REMOVAL

      Defendants Colorado Casualty Insurance Company ("CCIC"), Liberty Mutual Insurance Company ("LMIC"), and Peerless Indemnity Insurance Company ("Peerless") (incorrectly referred to in the caption as Peerless Insurance Company), (collectively referred to herein as "Liberty Mutual"), by and through their attorneys, Ray, McChristian & Jeans, P.C. (Jeff Ray, Shannon A. Parden and Shona L. Zimmerman), hereby file this Notice of Removal of the above-captioned matter to the United States District Court of New Mexico from the Thirteenth Judicial District Court, County of Valencia, State of New Mexico, as provided by 28 U.S.C. §§ 1441, 1446. Liberty Mutual states as follows:

      1.     This cause of action was commenced in the Thirteenth Judicial District Court of the State of New Mexico on December 23, 2013 by Plaintiffs Sedillo Electric and Telesfor Sedillo. The Summons and Complaint were served, respectively, upon Defendants CCIC, LMIC, Peerless, and former Defendant Baker Insurance Services, LLC ("Baker") in or about January 2014. Plaintiffs stipulated to the dismissal of the non-diverse defendant, Baker, on December 23,

2015. Stipulated Order Dismissing Baker Insurance Services, LLC, attached hereto as **Exhibit 1.** Removal is therefore timely pursuant to 28 U.S.C. §§1446 (b)(2)(C) and (c)(1) (bad faith).

2. This is a civil action, over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. This cause of action may be removed to this Court pursuant to 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interest or costs, and Plaintiffs and Liberty Mutual are citizens of different states. Baker is no longer a party to this case, and, therefore, the parties are diverse. This Court also has jurisdiction pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 in that the Insurer Defendants filed a Counterclaim for Declaratory Judgment as to coverage.

3. Plaintiff Telesfor Sedillo is a citizen of New Mexico and the sole owner of Plaintiff Sedillo Electric, a New Mexico electrical contractor allegedly located in Los Lunas, New Mexico. Plaintiffs' December 23, 2013 Complaint ("Complaint"), attached hereto (without exhibits) as **Exhibit 2.** Plaintiffs allege they are insureds under the "joint insurance policy" of the Liberty Mutual defendants. (Complaint, p. 1, first para.) *See* duly acknowledged excerpts of applicable policy, attached hereto as **Exhibit 3.** Plaintiffs share a common and undivided interest in the claims alleged in the Complaint and, therefore, it is appropriate to treat their claims in the aggregate. *See Elliott Industries Ltd. Partnership v. BP America Production Co.,* 407 F.3d 1091 (10th Cir. 2005) (aggregation of claims where Plaintiffs share common and undivided interest in the subject of the litigation).

4. CCIC is a foreign corporation incorporated in New Hampshire, and its principal place of business is 175 Berkeley Street, Boston, Massachusetts. LMIC is a foreign corporation incorporated in Massachusetts, and its principal place of business is 175 Berkeley Street, Boston,

Massachusetts. Peerless Indemnity Insurance Company ("Peerless") is a foreign corporation incorporated in Illinois, and its principal place of business is 175 Berkeley Street, Boston, Massachusetts. CCIC, LMIC, and Peerless are respectively authorized to do business in New Mexico.[1] CCIC, LMIC, and Peerless are diverse from Plaintiffs. CCIC, LMIC, and Peerless are alleged to have issued a "joint insurance policy" and are treated as one entity in Plaintiffs' Complaint in terms of being purportedly jointly liable to Plaintiffs. *See Middle Tenn. News Co., Inc. v. Charnel of Cincinnati, Inc.,* 250 F.3d 1077  (7th Cir. 2001) (plaintiffs may aggregate clam against three corporations inasmuch as they were represented to be a single entity and jointly liable).  One judgment is requested against CCIC, LMIC, and Peerless.

5. Peerless Indemnity Insurance Company issued a commercial policy of insurance to Plaintiffs, Sedillo Electric and Telesfor Sedillo ("Sedillo"), effective 09/02/2011 through 09/02/2012 (the "Policy"), which insured a building located at 1219 Main St. SE, Los Lunas, New Mexico (the "Property"). *See* **Exhibit 3** hereto.

6. Plaintiffs made a claim on or about January 31, 2013 for roof damage of unknown origin and unknown loss date under the commercial policy issued by Peerless. After inspection, Liberty Mutual denied the claim because the engineer's inspection determined that the roof at issue, located in Los Lunas, New Mexico, did not evidence hail damage, and because historical weather data did not show that any hail storm had occurred in Los Lunas during the applicable policy periods. On December 23, 2013, Plaintiffs filed this Complaint for alleged hail damage to the roof located in Los Lunas that allegedly occurred on May 13, 2012.[2] The basis for the

---

[1] Peerless Insurance Company is a foreign corporation incorporated in New Hampshire, and its principal place of business is 175 Berkeley Street, Boston, Massachusetts. It is authorized to do business in New Mexico.
[2] Plaintiffs never advised any Defendant that May 13, 2012 was the purported date of loss until they filed their Complaint.

3

claimed date of loss was that hail was reported in Belen, New Mexico, 10 miles away from Los Lunas, on May 13, 2012.

    7.    Defendant Baker was joined to this case in bad faith to defeat diversity jurisdiction. A review of the docket and Plaintiffs' course of action shows:

    a.    In their Complaint, Plaintiffs did not state a valid cause of action against Baker. The purported factual basis for the claims against Baker was that Baker was involved in the denial of coverage because it should have told Plaintiffs about the alleged hail storm in Los Lunas that purportedly occurred on May 13, 2012; that Baker breached the policy of insurance (to which Baker was not a party); and that Baker purportedly breached the Agency Agreement between Baker and LMIC and CCIC (to which Plaintiffs were not a party). The Confidential Agency Agreement stated that Baker had no authority to adjust or settle claims unless that authority was provided in writing. Baker had no such authority. The claims against Baker failed to state a claim and/or were a patent sham indicating bad faith joinder. *See Aquayo v. AMCO Ins. Co.,* 59 F.Supp.3d 1225, 1262-63 (D.N.M. 2014) (addressing bad faith exception to one year removal and factor of whether plaintiff asserted valid claims); *Dodd v. Fawcett Publications, Inc.,* 329 F.2d 82, 85 (10th Cir. 1964) (the joinder of a resident defendant against whom no cause of action is stated is a patent sham).

    b.    On January 31, 2014, undersigned counsel asked Plaintiffs' counsel if Plaintiffs would dismiss Baker and/or concur in Baker's anticipated Motion for Judgment on the Pleadings. Counsel for Plaintiffs stated words to the effect that, "I don't want to be in federal court… I will wait until I see discovery." Declaration of Shannon Parden, **Exhibit 4** hereto.

    c.    On March 11, 2014, after Baker answered Plaintiffs' first set of discovery, Baker filed a Motion for Judgment on the Pleadings. Plaintiff's May 20, 2014 Response and Affidavit

of Telesfor Sedillo seemingly argued that the Motion should be denied because Baker was purportedly Plaintiffs' agent and owed them a duty to disclose instances of other hail claims, a position unsupported by law. Plaintiffs also claimed they needed more discovery, not specifying how any particular discovery would assist them in identifying any purported duty Baker might allegedly owe to Plaintiffs.

        d.      On November 14, 2014, undersigned counsel again asked Plaintiffs to dismiss Baker on the grounds that Plaintiffs had no good faith basis in law or fact to bring this lawsuit against Baker and because, based on the January 31, 2014 conversation, it was clear that the only reason Baker was in the case was to defeat diversity jurisdiction. **Exhibit 4** hereto, November 14, 2014 letter attached thereto as Exhibit A. In response, Plaintiffs' counsel denied stating that the only reason he joined Baker was to destroy diversity and that he may reconsider dismissing Baker after he learned what Baker knew of local hail damage and what Baker did not did not tell Liberty Mutual about hail damage. **Exhibit 4** hereto, November 14, 2014 email, attached thereto as Exhibit B. What Baker knew of purported local hail damage and told Liberty Mutual, however, does not support any claim made against Baker and does not state a cause of action. *See Hardy v. Ajax Magnathermic Corp.,* 122 F.Supp.2d 757, 761 (D.C. W.D. Ken. 2000) ("The flaw in this argument is that 'some' set of facts could turn up to make virtually any person liable in any case.")

        e.      At the May 22, 2015 hearing on Baker's Motion for Judgment on the Pleadings, Plaintiff claimed for the first time that he needed to depose representatives of Baker. Excerpts from Transcript of Proceeding, dated May 22, 2015, at TR-80:6-12; 24-25, attached hereto as **Exhibit 5.** At the hearing, the court held that Baker's Motion *may* have merit, but the Court would allow time to conduct discovery. The court also stated that the discovery (depositions of

Baker and Jojola) "can't be delayed." *See* Order on Defendant Baker Insurance Services, LLC's Motion for Judgment on the Pleadings and Supporting Argument, **Exhibit 6** hereto; Exhibit 5 hereto, TR-82:3-17.

        f.      Despite Plaintiffs' express representations at the May, 22, 2015 hearing, and his claimed need to obtain information from Baker, as stated in the November 14, 2014 correspondence noted *supra,* Plaintiffs did not attempt to depose a Baker representative until September 8, 2015. *See* Correspondence from Plaintiffs' counsel to the undersigned, dated September 8, 2015, attached to **Exhibit 4** as Exhibit C**.** Rather than seeking dates of availability from the undersigned, Plaintiffs' counsel unilaterally noticed David Baker's deposition for October 12, 2015. Undersigned counsel was unavailable due to previously scheduled events until October 26, 2015. Plaintiffs' counsel was unavailable beginning October 26, 2015 due to a scheduled vacation. Thus, in light of Plaintiffs' delay in seeking these depositions, the first available date for Mr. Baker and Ms. Jojola's respective depositions was November 13, 2015, nearly two years after Plaintiffs filed their lawsuit. Plaintiffs provided no explanation for why they waited almost five (5) months to depose the Baker representatives after they represented their need to do so before the court could decide Baker's Motion for Judgment on the Pleadings.

        g.      At the November 13, 2015 depositions, Plaintiffs' counsel extensively queried the deponents about an unrelated theft and vandalism claim that Plaintiffs unsuccessfully sought to join with this claim for alleged hail and wind damage.

        h.      Although Plaintiffs served discovery on Baker, the actual discovery on Baker was minimal. The majority of the discovery requests were addressed to all four Defendants, with a focus on the Insurer Defendants, but forcing Baker to nonetheless respond that it had no responsive information. Many of the requests were duplicative. Additionally, a vast majority of

the requests were directed to the vandalism /theft claim that was not even before the court in this hail claim matter, again forcing Baker to respond to discovery requests on issues that were not before the court and/or to which it had no responsive information. *See, e.g.,* Baker's responses and objections to Plaintiffs' Interrogatories 14, 16, 17, and 18, attached hereto as **Exhibit 7;** Nos. 19 (including subparts a-e), 20, 21, attached hereto as **Exhibit 8.** Consistent with Defendants' position that Plaintiffs never intended to hold Baker liable, Plaintiffs never asked if Baker had any applicable insurance policies. *See Hardy v Ajax Magnathermic Corp.,* 122 F.Supp.2d at 759-760 (no real intention to get a joint judgment, and that there was no colorable ground for so claiming) (*quoting Alexander v. Electronic Data Systems*, 13 F.3d 940, 949 (6th Cir. 1994)).

      i.     Plaintiffs, although obtaining a meteorologist and engineer to provide purportedly expert testimony against the Insurer Defendants in this matter, never retained any expert to testify as to any duties of Baker or any wrongful conduct on the part of Baker.

      j.     On or about December 14, 2015, Plaintiffs proposed to dismiss Baker and provided a draft Motion to Dismiss Baker Insurance Services, LLC. **Exhibit 4** hereto and December 14 and 15, 2015 email series, and December 15, 2015 proposed Motion to Dismiss Baker, attached thereto as Exhibit C. As can be seen by the draft Motion to Dismiss Baker, ¶¶ 2, 3(b) (the second b), 3(d), 4, 5, 6, and 7 in particular, Plaintiffs' reasons for failing to dismiss Baker prior to December 2015 are implausible and inconsistent and are evidence of guilty knowledge and bad faith. *Forth v. Diversey Corp.,* 2013 WL 6096528, *3 (E.D. Cal. April 28, 2014).

      8.     In their Complaint, Plaintiffs allege Breach of Contract (including bad faith) and Agency Agreement, and violations of the Unfair Insurance Practices Act and the Unfair Trade

Practices Act. Although the cost to replace the roof at issue is approximately $12,000, Plaintiffs' counsel represented to undersigned counsel on or about June 1, 2015, when counsel requested a demand, that this is a "**million dollar case**." **Exhibit 4** hereto.

9. Plaintiffs also seek bad faith damages and statutory penalties, which can be treble damages pursuant to NMSA 1978, § 57-12-10 if Liberty Mutual has acted willfully, as alleged in the Complaint. This brings the jurisdictional amount to approximately $36,000, if the Court ignores the million dollar demand. Plaintiffs further seek punitive damages which, constitutionally, could reach $100,000. Plaintiff also seeks attorney fees pursuant to NMSA 1978, § 39-2-1 and the statutory claims. Defendants also seek attorney fees and costs pursuant to the Unfair Insurance Practices Act and the Unfair Trade Practices Act because these claims are groundless. Defendants' attorney fees have already exceeded $100,000.00. **Exhibit 4** hereto. As such, based upon the foregoing, the amount in controversy contained in 28 U.S.C. § 1332 is met.

10. The Civil Cover Sheet is attached hereto as **Exhibit 9**.

11. Copies of all process, pleadings, and orders in this cause of action are attached hereto as **Exhibits 10** and **11.**

12. Liberty Mutual will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

13. A copy of this notice will be filed with the Clerk of the Thirteenth Judicial District Court, Valencia County, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Colorado Casualty Insurance Company, Liberty Mutual Insurance Company, and Peerless Indemnity Insurance Company respectfully request that this action proceed in this Court as an action properly removed to it.

        Respectfully submitted,

        RAY, MCCHRISTIAN & JEANS, P.C.


        By: */s/ Shannon A. Parden*
         Jeff Ray
         Shannon A. Parden
         Shona Zimmerman
         6000 Uptown Blvd. NE, Ste. 307
         Albuquerque, NM 87110
         505-855-6000
         505-212-0140 (fax)
         jray@rmjfirm.com
         sparden@rmjfirm.com
         szimmerman@rmjfirm.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing pleading was electronically served upon all parties of record this 20th day of January, 2016.

        By: */s/ Shannon A. Parden*
         Shannon A. Parden