**CT Corporation**

**Service of Process Transmittal**
01/13/2014
CT Log Number 524211969

TO: Brandon Perry
Cincinnatus Partners
6279 Tri-Ridge Boulevard, Suite 150
Loveland, OH 45140

RE: **Process Served in New Mexico**

FOR: Baker Insurance Services, LLC (Domestic State: NM)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sedillo Electric and Telesfor Sedilo, Pltfs. vs. Colorado Casualty Insurance Company, et al. including Baker Insurance Services, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Return, Complaint |
| **COURT/AGENCY:** | District of New Mexico - U.S. District Court - Santa Fe Division, NM Case # 01314CV201301427 |
| **NATURE OF ACTION:** | Complaint for breach of contract, equity, negligence, misrepresentations, unfair insurance and practices |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Santa Fe, NM |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/13/2014 at 12:13 |
| **JURISDICTION SERVED :** | New Mexico |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Eric Sedillo Jeffries Eric Sedillo Jeffries, LLC 1201 Lomas Blvd. Albuquerque, NM 87102 505-842-0400 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 797638388020 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 123 East Marcy Street Santa Fe, NM 87501 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / N8

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT**
**10**

STATE OF NEW MEXICO
COUNTY OF VALENCIA
THIRTEENTH JUDICIAL DISTRICT COURT

SEDILLO ELECTRIC and
TELESFOR SEDILLO,
                    Plaintiffs,

vs.                                           No. D-1314-CV-2013-01427

COLORADO CASUALTY INSURANCE
COMPANY, LIBERTY MUTUAL INSURANCE
COMPANY, PEERLESS INSURANCE
COMPANY AND BAKER INSURANCE
SERVICES, L.L.C.,
                    Defendants.

SUMMONS
THE STATE OF NEW MEXICO

TO:   Baker Insurance Services, LLC
      ~~C/O Office of Superintendent of Insurance or~~
      ~~C/O John G. Franchini, Superintendent of Insurance~~
      ~~Office of Superintendent of Insurance~~
      ~~PO Box 1689~~
      ~~Santa Fe, NM 87504-1689~~

*CT Corp. System*
*Registered Agent*
*123 East Marcy*
*Santa Fe, NM 87501*

       You are required to serve upon Eric Sedillo Jeffries, an answer or motion in response to
the Complaint for Breach of Contract, Equity, Negligence, Misrepresentations, Unfair Insurance
Practices and Unfair Trade Practices, which is attached to this summons within thirty (30) days
after service of this summons upon you, exclusive of the day of service, and file a copy of your
answer or motion with the court as provided in Rule 1-005 NMRA.

       If you fail to file a timely answer or motion, default judgment may be entered against you
for the relief demanded in the Complaint.

       Attorney or attorneys for Plaintiffs:  Eric Sedillo Jeffries, Eric Sedillo Jeffries, LLC, 1201
Lomas Blvd. NW, Suite A, Albuquerque, NM 87102, (505) 842-0400.

       Witness the Honorable WILLIAM A. SANCHEZ, District Court Judge of the Thirteenth Judicial
District Court of the State of New Mexico, and the seal of the District Court of Valencia County, this
Thursday, January 02, 2014.



Phillip Romero, CLERK OF THE DISTRICT COURT

By: /s/ Angela Yohn, Deputy Clerk
Issued: 1/2/2014

## RETURN

STATE OF NEW MEXICO          )
                             )ss.
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this a.) Summons, b.) Complaint, and c.) Request for Production Nos. 1 to 9 to David Baker of Baker Insurance Services, LLC, and d.) Interrogatory Nos. 1 to 4 to David Baker of Baker Insurance Services, LLC in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]     to _____ (name of person),
        _____, (title of person authorized to receive service. Use
        this alternative when the defendant is a corporation or an association subject to a suit
        under a common name, a land grant board of trustees, the State of New Mexico or any
        political subdivision).

Fees: _____


        _____
        Signature of person making service

        _____
        Title (if any)

Subscribed and sworn to before me this _____ day of _____, _____
_____


Judge, notary or other officer
authorized to administer oaths


_____
Official title

My commission expires:

_____



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

**Primary Contact:**       Claims Manager
                          Colorado Casualty Insurance Company
                          5975 South Quebec Street
                          Suite 300
                          Centennial, CO 80111

| | |
|---|---|
| **Entity:** | Colorado Casualty Insurance Company |
| | Entity ID Number  2537995 |
| **Entity Served:** | Colorado Casualty Insurance Company |
| **Title of Action:** | Sedillo Electric vs. Colorado Casualty Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Valencia County District Court, New Mexico |
| **Case/Reference No:** | D-1314-CV-2013-01427 |
| **Jurisdiction Served:** | New Mexico |
| **Date Served on CSC:** | 01/21/2014 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | NM Office of Superintendent of Insurance on 1/3/2014 |
| **How Served:** | Certified Mail |
| Sender Information: | Eric Sedillo Jeffries |
| | 505-842-0400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM  87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM  87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us



January 8, 2014

Colorado Casualty Insurance Co.
C/O Corporation Service Company
125 Lincoln Ave. Ste. 223
Santa Fe, NM  87501

Re:   Sedillo Electric & Telesfor Sedillo Vs Colorado Casualty Insurance Company, Liberty Mutual
      Insurance Company, Peerless Insurance Company & Baker Insurance Services, LLC
      D1314CV2013-01427

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-5-32, enclosed is a copy of a
Summons, Complaint for Breach of Contract, Equity, Negligence, Misrepresentation, Unfair Insurance
Practices, and Unfair Trade Practices, request for Production Nos. 1 to 11 to Defendants Peerless Insurance
Company, Colorado Casualty Insurance Company and Liberty Mutual Insurance Company, in the State of
New Mexico on the above styled cause, Service has been accepted on your behalf as of January 3, 2014.

Respectfully,

John G. Franchini, Superintendent

Enclosure

CERTIFIED MAIL 7012 3460 0000 1402 5641

STATE OF NEW MEXICO
COUNTY OF VALENCIA
THIRTEENTH JUDICIAL DISTRICT COURT

SEDILLO ELECTRIC and
TELESFOR SEDILLO,
                    Plaintiffs,

vs.                                                No. D-1314-CV-2013-01427

COLORADO CASUALTY INSURANCE
 COMPANY, LIBERTY MUTUAL INSURANCE
COMPANY, PEERLESS INSURANCE
COMPANY AND BAKER INSURANCE
SERVICES, L.L.C.,
                    Defendants.

SUMMONS
THE STATE OF NEW MEXICO

TO:    **Colorado Casualty Insurance Company**
       **C/O Office of Superintendent of Insurance or**
       **C/O John G. Franchini, Superintendent of Insurance**
       **Office of Superintendent of Insurance**
       **PO Box 1689**
       **Santa Fe, NM 87504-1689**

       You are required to serve upon Eric Sedillo Jeffries, an answer or motion in response to
the Complaint for Breach of Contract, Equity, Negligence, Misrepresentations, Unfair Insurance
Practices and Unfair Trade Practices, which is attached to this summons within thirty (30) days
after service of this summons upon you, exclusive of the day of service, and file a copy of your
answer or motion with the court as provided in Rule 1-005 NMRA.

       If you fail to file a timely answer or motion, default judgment may be entered against you
for the relief demanded in the Complaint.

       Attorney or attorneys for Plaintiffs: Eric Sedillo Jeffries, Eric Sedillo Jeffries, LLC, 1201
Lomas Blvd. NW, Suite A, Albuquerque, NM 87102, (505) 842-0400.

       Witness the Honorable **WILLIAM A. SANCHEZ**, **District Court Judge of the Thirteenth Judicial
District Court of the State of New Mexico, and the seal of the District Court of Valencia County, this
Thursday, January 02, 2014.**



_Phillip Romero,_ CLERK OF THE DISTRICT COURT

By: _/s/ Angela Yohn,_ Deputy Clerk
Issued: 1/2/2014

**RETURN**

STATE OF NEW MEXICO      )
                                )ss.
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this a.) Summons, b.) Complaint, and c.) Request for Production Nos. 1 to 11 to Defendants Peerless Insurance Company, Colorado Casualty Insurance Company and Liberty Mutual Insurance Company in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]     to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service)*.

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]     to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____*(insert defendant's last known mailing address)*.

[ ]     to _____, an agent authorized to receive service of process for defendant
_____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of defendant _____ *(used when defendant is a minor or an incompetent person)*.

[ ]      to _____ (name of person),
         _____, (title of person authorized to receive service. Use
         this alternative when the defendant is a corporation or an association subject to a suit
         under a common name, a land grant board of trustees, the State of New Mexico or any
         political subdivision).


Fees: _____


                        _____
                        Signature of person making service

                        _____
                        Title (if any)


Subscribed and sworn to before me this _____ day of _____, _____
_____


Judge, notary or other officer
authorized to administer oaths


_____
Official title

My commission expires:
_____



**CORPORATION SERVICE COMPANY**

**NJP / ALL**
**Transmittal Number: 12084790**
**Date Processed: 01/22/2014**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |

| | |
|---|---|
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number  1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Sedillo Electric vs. Colorado Casualty Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Valencia County Thirteenth Judicial District Court, New Mexico |
| **Case/Reference No:** | D-1314-CV-2013-01427 |
| **Jurisdiction Served:** | New Mexico |
| **Date Served on CSC:** | 01/21/2014 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | NM Office of Superintendent of Insurance on 1/3/2014 |
| **How Served:** | Certified Mail |
| Sender Information: | Eric Sedillo Jeffries<br>505-842-0400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM  87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM  87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us



January 8, 2014

Liberty Mutual Insurance Company
C/O Corporation Service Company
125 Lincoln Ave. Ste. 223
Santa Fe, NM  87501

Re:   Sedillo Electric & Telesfor Sedillo Vs Liberty Mutual Insurance Company, Colorado Casualty
      Insurance Company, Peerless Insurance Company & Baker Insurance Services, LLC
      D1314CV2013-01427

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-5-32, enclosed is a copy of a
Summons, Complaint for Breach of Contract, Equity, Negligence, Misrepresentation, Unfair Insurance
Practices, and Unfair Trade Practices, Request for Production Nos. 1 to 11 to Defendants Peerless
Insurance Company, Colorado Casualty Insurance Company and Liberty Mutual Insurance Company and
Interrogatories Nos. 1 to 7 and one Related Request for Production to Rachel Berg of Liberty Mutual
Insurance Company, in the State of New Mexico on the above styled cause, Service has been accepted on
your behalf as of January 3, 2014.

Respectfully,

John G. Franchini, Superintendent

Enclosure

CERTIFIED MAIL 7012 3460 0000 1402 5627

STATE OF NEW MEXICO
COUNTY OF VALENCIA
THIRTEENTH JUDICIAL DISTRICT COURT

SEDILLO ELECTRIC and
TELESFOR SEDILLO,
                    Plaintiffs,

vs.                                            No. D-1314-CV-2013-01427

COLORADO CASUALTY INSURANCE
 COMPANY, LIBERTY MUTUAL INSURANCE
COMPANY, PEERLESS INSURANCE
COMPANY AND BAKER INSURANCE
SERVICES, L.L.C.,
                    Defendants.

SUMMONS
THE STATE OF NEW MEXICO

TO:     Liberty Mutual Insurance Company
        C/O Office of Superintendent of Insurance or
        C/O John G. Franchini, Superintendent of Insurance
        Office of Superintendent of Insurance
        PO Box 1689
        Santa Fe, NM 87504-1689

        You are required to serve upon Eric Sedillo Jeffries, an answer or motion in response to the Complaint for Breach of Contract, Equity, Negligence, Misrepresentations, Unfair Insurance Practices and Unfair Trade Practices, which is attached to this summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of your answer or motion with the court as provided in Rule 1-005 NMRA.

        If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the Complaint.

        Attorney or attorneys for Plaintiffs:  Eric Sedillo Jeffries, Eric Sedillo Jeffries, LLC, 1201 Lomas Blvd. NW, Suite A, Albuquerque, NM 87102, (505) 842-0400.

        Witness the Honorable **WILLIAM A. SANCHEZ**, District Court Judge of the Thirteenth Judicial District Court of the State of New Mexico, and the seal of the District Court of Valencia County, this Thursday, January 02, 2014.



DISTRICT COURT CLERK
SEAL
VALENCIA, NEW MEXICO

_Phillip Romero._ CLERK OF THE DISTRICT COURT
By: _/s/ Angela Yohn,_ Deputy Clerk
Issued: 1/2/2014

## RETURN

STATE OF NEW MEXICO       )
                                 )ss.
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this a.) Summons, b.) Complaint, and c.) Request for Production Nos. 1-11 to Defendants Peerless Insurance Company, Colorado Casualty Insurance Company and Liberty Mutual Insurance Company, and d.) Interrogatory Nos. 1 to 7 and One Related Request for Production to Rachel Berg of Liberty Mutual Insurance Company in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service)*.

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address)*.

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of defendant ____ _____ ____ *(used when defendant is a minor or an incompetent person).*

[ ]     to ____ _____ _____ _____ *(name of person),* _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of _____, _____
_____

Judge, notary or other officer
authorized to administer oaths

_____
Official title

My commission expires:
_____



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

**CHS / ALL**
**Transmittal Number: 12084142**
**Date Processed: 01/22/2014**

**Primary Contact:**        Claims Manager
Colorado Casualty Insurance Company
5975 South Quebec Street
Suite 300
Centennial, CO 80111

| | |
|---|---|
| **Entity:** | Peerless Insurance Company<br>Entity ID Number  2538016 |
| **Entity Served:** | Peerless Insurance Company |
| **Title of Action:** | Sedillo Electric vs. Colorado Casualty Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Valencia County District Court, New Mexico |
| **Case/Reference No:** | D-1314-CV-2013-01427 |
| **Jurisdiction Served:** | New Mexico |
| **Date Served on CSC:** | 01/21/2014 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | NM Superintendent of Insurance on 01/03/2014 |
| **How Served:** | Certified Mail |
| Sender Information: | Eric Sedillo Jeffries<br>505-842-0400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM 87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM 87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us



January 8, 2014

Peerless Insurance Company
C/O Corporation Service Co.
125 Lincoln Ave. Ste 223
Santa Fe, NM 87501

Re:   Sedillo Electric & Telesfor Sedillo Vs Peerless Insurance Company Liberty Mutual Insurance
      Company, Colorado Casualty Insurance Company & Baker Insurance Services, LLC
      D1314CV2013-01427

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-5-32, enclosed is a copy of a Summons, Complaint for Breach of Contract, Equity, Negligence, Misrepresentation, Unfair Insurance Practices, and Unfair Trade Practices, Request for Production Nos. 1 to 11 to Defendants Peerless Insurance Company, Colorado Casualty Insurance Company and Liberty Mutual Insurance Company, in the State of New Mexico on the above styled cause, Service has been accepted on your behalf as of January 3, 2014.

Respectfully,

John D. Franchini

John G. Franchini, Superintendent

Enclosure

CERTIFIED MAIL 7012 3460 0000 1402 5634

STATE OF NEW MEXICO
COUNTY OF VALENCIA
THIRTEENTH JUDICIAL DISTRICT COURT

SEDILLO ELECTRIC and
TELESFOR SEDILLO,
                Plaintiffs,

vs.                                    No. D-1314-CV-2013-01427

COLORADO CASUALTY INSURANCE
 COMPANY, LIBERTY MUTUAL INSURANCE
COMPANY, PEERLESS INSURANCE
COMPANY AND BAKER INSURANCE
SERVICES, L.L.C.,
                Defendants.

SUMMONS
THE STATE OF NEW MEXICO

TO:    **Peerless Insurance Company**
        **C/O Office of Superintendent of Insurance or**
        **C/O John G. Franchini, Superintendent of Insurance**
        **Office of Superintendent of Insurance**
        **PO Box 1689**
        **Santa Fe, NM 87504-1689**

      You are required to serve upon Eric Sedillo Jeffries, an answer or motion in response to the Complaint for Breach of Contract, Equity, Negligence, Misrepresentations, Unfair Insurance Practices and Unfair Trade Practices, which is attached to this summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of your answer or motion with the court as provided in Rule 1-005 NMRA.

      If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the Complaint.

      Attorney or attorneys for Plaintiffs:  Eric Sedillo Jeffries, Eric Sedillo Jeffries, LLC, 1201 Lomas Blvd. NW, Suite A, Albuquerque, NM 87102, (505) 842-0400.

      Witness the Honorable **WILLIAM A. SANCHEZ**, District Court Judge of the Thirteenth Judicial District Court of the State of New Mexico, and the seal of the District Court of Valencia County, this Thursday, January 02, 2014.



                    _Phillip Romero,_ CLERK OF THE DISTRICT COURT
                    By: _/s/ Angela Yohn,_ Deputy Clerk
                    Issued: _1/2/2014_

**RETURN**

STATE OF NEW MEXICO          )
                                                       )ss.
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this a.) Summons, b.) Complaint, and c.) Request for Production Nos. 1-11 to Defendants Peerless Insurance Company, Colorado Casualty Insurance Company and Liberty Mutual Insurance Company in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]      to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ] .    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____*(insert defendant's last known mailing address).*

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]      to _____ _____ _____ *(name of person),*
         _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*


Fees: _____


                       _____
                       Signature of person making service

                       _____
                       Title *(if any)*


Subscribed and sworn to before me this _____ day of _____, _____
_____


Judge, notary or other officer
authorized to administer oaths


_____
Official title

My commission expires:
_____

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/23/2013 11:05:28 AM
PHILLIP ROMERO

STATE OF NEW MEXICO
COUNTY OF VALENCIA
THIRTEENTH JUDICIAL DISTRICT COURT

SEDILLO ELECTRIC and
TELESFOR SEDILLO,

Plaintiffs,

vs.

No.   D-1314-CV-2013-01427

COLORADO CASUALTY INSURANCE
COMPANY, LIBERTY MUTUAL INSURANCE
COMPANY, PEERLESS INSURANCE
COMPANY AND BAKER INSURANCE
SERVICES, L.L.C.,

Defendants.

## COMPLAINT FOR BREACH OF CONTRACT, EQUITY, NEGLIGENCE, MISREPRESENTATIONS, UNFAIR INSURANCE PRACTICES AND UNFAIR TRADE PRACTICES

COME NOW the Plaintiffs, Sedillo Electric ("Sedillo Electric") and Telesfor

Sedillo, the insureds under the joint insurance policy of the defendants, Colorado Casualty

Insurance Company ("Colorado Casualty"), Liberty Mutual Insurance Company ("Liberty

Mutual") and Peerless Insurance Company ("Peerless"), issued by the defendant Baker

Insurance Services, L.L.C. ("Baker"), by and through their counsel, Eric Sedillo Jeffries,

Esq., to file this Complaint against the above named defendants. For grounds Plaintiffs state:

### Parties and General Jurisdiction

The insureds under the policy at issue are Telesfor Sedillo, the sole proprietary

owner of Sedillo Electric who will commonly be referred to as "Telesfor Sedillo", "Sedillo"

or the "insureds".

1.      At all material times, Plaintiff Telesfor Sedillo, a resident of Valencia

County, was the sole proprietary owner of Plaintiff Sedillo Electric, a duly New Mexico

1

licensed electrical contractor located at the insured location of 1219 Main Street, SE, Los Lunas, New Mexico.

2.      On information and belief at all material times Defendant Liberty Mutual Insurance Company ("Liberty Mutual") was incorporated in Massachusetts and is headquartered in Boston, Massachusetts.

3.      On information and belief the Defendant Peerless Insurance Company ("Peerless") was incorporated in New Hampshire with its headquarters in Keene, New Hampshire.

4.      The Defendant Colorado Casualty Insurance Company ("Colorado Casualty" or "CC") was incorporated in New Hampshire with its headquarters in Centennial, Colorado.

5.      On information and belief at all material times, Jim Shatto, an employee of Colorado Casualty, a subsidiary of Liberty Mutual and the agent of Peerless, was involved in the adjustment and denial of the insureds' hail damage claim. Based on information in another current Colorado Casualty case in every relevant act Jim Shatto identified himself as the actual and apparent agent of Liberty Mutual and Peerless acting through Colorado Casualty.

6.      The Defendants Liberty Mutual and its subsidiaries, Peerless and Colorado Casualty, will be commonly referred to either as the "insurer", "insurers" or "insurance company" because the most relevant insurance conduct was that of Rachel Berg, whose March 22, 2013 denial letter, attached marked **Exhibit A**, identifies herself as a "Claims Specialist II" for Liberty Mutual Insurance Company. On information and belief, Peerless Insurance Company issued the policy in dispute and Colorado Casualty, another subsidiary

2

of Peerless, assisted in the adjustment and denial of coverage.

     7.    On information and belief the Defendant Baker Insurance Services, LLC, located at 1005 E. River Rd, Belen, New Mexico, Valencia County, was organized and is operating solely in the State of New Mexico.

     8.    This Court has all the necessary personal and subject matter jurisdiction over these matters, the parties, the property and the issues in this litigation.

     9.    Venue of this matter is properly in Valencia County and the laws of the State of New Mexico apply to this action.

## Insurance Coverage at Issue

     10.    On information and belief Defendant Peerless, the underwriter for Defendants Liberty Mutual and Colorado Casualty, annually renewed the material policy at issue on September 2, 2011 and September 2, 2012, through Defendant Baker, the most material terms of which are quoted in the March 22, 2013 denial letter attached marked **Exhibit A**. Plaintiffs will seek a certified copy of both policies through discovery.

     11.    Hail damage to the insured roof, which caused interior and exterior, wind and water damage, is covered by the terms and conditions of the continuing integrated policies.

## Material Facts

     12.    On January 29, 2013, the insureds reported hail damage loss caused on an unknown prior date to Baker and the agents and employees of the defendant insurers.

     13.    During the course of the defendants' claim's investigation the insureds informed the defendants that the hail damage was founded, in part, upon the expert opinion of Felipe Lucero whose $11,554.27 repair bid of February 5, 2013 is attached marked

Exhibit B.

14.     During his inspection, when the defendants' engineer climbed down from the roof he told Telesfor it looked to him like the roof suffered hail damage. Contrary to the candid assertions of the engineer, the denial letter of Rachael Berg alludes to the engineer finding of no evidence of hail or wind damage while concurrently failing or refusing to provide a copy of the engineering report and the photos probably attached to it.

15.     Further, the denial misrepresents that the defendants could not find any reports of hail storms in the area during the policy period after, presumably, conducting the reasonable prudent search required under New Mexico law.

16.     By the insureds simply asking the National Climatic Data Center for public evidence of hail damage in the area during the policy period, the insureds received a certified copy of the weather data attached marked **Exhibit C** showing hail damage on May 13, 2012. Plaintiffs have been insured with the defendant insurers since at least September 2, 2010.

17.     As shown in **Exhibit C,** instead of misrepresenting material facts to the insured either intentionally or through failure of a reasonably due diligent investigation, all the defendants knew or should have known that during the policy coverage in the area of the insureds' property at 1219 Main Street, SE, that on May 13, 2012 there was a hail storm that left .75 inches of hail precipitation. See **Exhibit C,** p.1.

18.     On information and belief, a diligent search of all the defendants' notice and claims files would have revealed that the defendant insurers received notice of and paid roof hail damage claims in the Los Lunas area as the result of the May 13, 2012 hail storm.

19.     On information and belief the Defendant Baker Insurance Services, LLC,

4

acting through David Baker and others, were all involved in the denial of coverage, in part, because the May 13, 2012 hail storm, the probable cause of the covered claim, was well known in the Los Lunas area and presumably, intentionally, recklessly or negligently not disclosed by Defendant Baker to the insureds and the defendants when there was a legal obligation to do so.

**COUNT II**
**BREACH OF INSURANCE AND AGENCY CONTRACT**

20.     Plaintiffs incorporate the above allegations as if they were fully restated herein.

21.     The Defendant insurers and Defendant Baker have breached the insurance contract and Baker's agency contract, implied or constructive, in numerous ways including the covenant of good faith and fair dealing, many of which have already been described. Insurance industry standards for the investigation and payment of hail, wind and water damage claims have been violated.

22.     Defendants breached the insurance contract and the Baker agency contract, actual, implied or constructive, and violated principles of equity, the covenant of good faith and fair dealing and the tort of bad faith insurance conduct, which conduct was intentional, willful, reckless and breached the contract and violated the law and equity for reasons that were frivolous and unfounded proximately causing damages to the defendants' insured Plaintiffs. The Plaintiffs suffered actual damages, and furthermore, seeks to recover costs and attorney fees from all the defendants pursuant to NMSA 1978 § 59A-16-30 and § 39-2-1 as well as extra-contractual damages and punitive damages.

5

## COUNT III
## UNFAIR INSURANCE PRACTICE

23.     Plaintiffs incorporate all the above allegations as if they were fully restated herein.

24.     The Defendant insurers are New Mexico authorized insurance carriers that provided insurance coverage and adjuster services to Plaintiffs. The conduct of all the defendants, including the agent Baker, fall within the reach of the Unfair Claims Practices Act.

25.     In tort, contract and statute, Defendants' actions and omissions, jointly and severally, constitute unfair practices in violation of NMSA 1978 §§ 59A-16-1, et seq. and 59A-16-20, and constitute the frivolous and unfounded denials of coverage. Defendants have violated the New Mexico Insurance Code including, but not limited to the following ways:

a.      misrepresented to the insured pertinent facts or policy provisions relating to coverages at issue (§ 59A-16-20(A));

b.      failed to acknowledge and act reasonably promptly upon communications with respect to claims of the insureds arising under the policy (§ 59A-16-20(B));

c.      failed to adopt and implement reasonable standards for the prompt investigation and processing of the insureds' claims arising under policies (§ 59A-16-20(C));

d.      failed to affirm coverage of claims of the insureds within a reasonable time after the proof of loss requests have been completed and submitted by the insured (§ 59A-16-20(D));

6

e.     failed to attempt in good faith to effectuate prompt, fair and equitable settlement of an insured's claims in which liability has become reasonably clear (§ 59A-16-20(E)) including but not limited to claims made before and after the denial in April 2013.

f.     compelling the insureds to institute litigation to recover amounts due under policy by offering nothing that is substantially less than the amounts ultimately recovered in actions brought by such insured when such insured has made claims for amounts reasonably similar to amounts ultimately recovered (§ 59A-16-20(G));

g.     failed to settle the insureds' claims promptly where liability has become apparent under one portion of the policy coverage in order to influence settlement under other portions of the policy coverage (§ 59A-16-20(M));

h.     failed to promptly and honestly provide the insureds' a reasonable explanation of the honest basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement (§ 59A-16-20(N));

i.     wrongfully and unreasonably delayed an incompetent and inadequate investigation and wrongfully, frivolously and without a reasonable basis refusing payment of the claims; and

26.     Further, in violation of NMSA 1978 § 59A-16-4 (G) Defendants failed to disclose material facts reasonably necessary to prevent other statements from being misleading.

7

27.     Further, Defendants have knowingly and willfully violated NMSA 1978 § 59A-16-23 by making false material statements, including about prior hail storms in the Los Lunas area, possibly the undisclosed engineering report and other material facts to be determined during discovery.

28.     As the result of these acts and omissions, the Plaintiffs suffered actual damages, and furthermore, Plaintiffs seek to recover costs and attorney fees from Defendants pursuant to NMSA 1978 § 59A-16-30 and § 39-2-1 as well as extra-contractual damages and punitive damages.

## COUNT IV.
## UNFAIR TRADE PRACTICES

29.     Plaintiffs incorporate the above allegations as if they were fully restated herein.

30.     All of the defendants, the defendants' insurers, as well as Baker Services, the actual or apparent agent of the defendant insurers, fall under the jurisdiction of the Unfair Practices Act [NMSA §§ 57-12-1].

31.     Defendants have aided and abetted and separately and jointly engaged in unfair and deceptive trade practices, as defined in NMSA 1978 § 57-12-2, including but not limited to:

a.      making of false and misleading statements in connection with coverage, prior hail storms, adjusting and engineering services contrary to § 57-12-2(D)(14), (15), and (17).

b.      the failure to disclose material facts which deceived or tended to deceive the Plaintiffs in connection with insurance coverage and adjusting services contrary to § 57-12-2(D) (7), (11), (14), (15), and (17).

32.    The defendants have aided and abetted separately and jointly in the commission of unconscionable trade practices by taking advantage of the lack of knowledge, ability and experience or capacity of the Plaintiffs to a grossly unfair degree.

33.    This conduct has proximately caused damages to the insured Plaintiffs, and furthermore, Plaintiffs seek to recover costs and attorney fees from defendants pursuant to NMSA § 59A-16-20, § 29-2-1 and § 59-12-10 as well as extra-contractual damages and punitive damages.

WHEREFORE, from either the Court or a jury, Plaintiffs are entitled to damages, compensatory, statutory penalties, extra-contractual damages and punitive damages, costs and interest, attorney fees and such other relief as the Court deems appropriate.

Respectfully submitted by:

ERIC SEDILLO JEFFRIES, LLC

Eric Sedillo Jeffries
1201 Lomas Blvd. NW, Suite A
Albuquerque, NM 87102
Telephone (505) 842-0400
Facsimile (505) 247-1539
*Attorney for Plaintiffs*

9



Liberty Mutual Insurance
Rachel Berg, Claims Specialist II
CL Mountain Region Claims
P.O. Box 515007
Los Angeles, CA 90051-5007
O(720)-873-9309
F(866)268-8840
TF(800)-840-2242 Ext 309
Rachel.Berg@libertymutual.com

March 22, 2013

Sedillo Electric, Telesfor Sedillo
Attn: Mr. Sedillo
1219 Main St SE
Los Lunas, NM 87301

Re:  Claim No:           205138900
     Policy No:          CBP 3021958; 9/2/12 – 9/2/13
     Underwriting Co:    Peerless Indemnity Insurance Company
     Date of Loss:       1/29/13
     Type of Loss:       wind/hail to roof and water to interior
     Loss Location:      1219 Main St SE, Los Lunas, NM 87301

Dear Mr. Sedillo:

This letter will serve as a formal response for the claim submitted for the damage to the roof and interior of your building. A thorough review of your insurance policy was performed. Unfortunately, based on the circumstances of your loss, it has been determined that at this time there is no coverage for your claim as presented. The balance of this letter will provide you with a detailed explanation outlining our position.

To our knowledge the facts of the loss are: you advised of wind and hail damages to your building roof. You also advised that you noticed water damage to the interior, and proceeded to make repairs to the interior prior to filing the claim.

The inspection of the property by the engineer found that there was significant deterioration to the shingles in some areas on the main roof. No missing shingles were found, no evidence of wind damage. The metal flashings and drip edge were in good condition. The metal patio roof attached to the building has no evidence of wind or hail damage. Our review of the engineer's report and photos does not find any evidence of wind or hail damage to this property. Additionally, no reports of a hail storm were found during our research of storms in your area during your policy periods.

Because of the circumstances of this loss we would like to make you aware of the following policy language that affects your loss.

Your Building and Personal Property Coverage form, CP 00 10 (04/02), Causes of Loss – Broad Form, CP 10 20 (04/02), and Commercial Property Conditions, CP 00 90 (07/88), read as follows:



EXHIBIT

A

CP 00 10 04 02
BUILDING AND PERSONAL
PROPERTY COVERAGE FORM

A. Coverage

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

 1. Covered Property

 Covered Property, as used in this Coverage Part, means the type of property described in this Section, A.1., and limited in A.2., Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

  a. **Building**, meaning the building or structure described in the Declarations, including:

   (1) Completed additions;

   (2) Fixtures, including outdoor fixtures;

   (3) Permanently installed:

    (a) Machinery and

    (b) Equipment;

 3. Covered Causes Of Loss

 See applicable Causes of Loss Form as shown in the Declarations.

B. Exclusions And Limitations

See applicable Causes of Loss Form as shown in the Declarations.

CP 10 20 04 02
CAUSES OF LOSS – BROAD FORM

A. Covered Causes Of Loss

When Broad is shown in the Declarations, Covered Causes of Loss means the following:

 1. Fire.

 2. Lightning.

 3. Explosion, including the explosion of gases or fuel within the furnace of any fired vessel or within the flues or passages through which the gases of combustion pass. This cause of loss does not include loss or damage by:

  a. Rupture, bursting or operation of pressure relief devices; or

  b. Rupture or bursting due to expansion or swelling of the contents of any building or



Liberty Mutual Insurance
Rachel Berg, Claims Specialist II
CL Mountain Region Claims
P.O. Box 515097
Los Angeles, CA 90051-5097
O(720)-873-9309
F(888)268-8840
TF(800)-840-2242 Ext 309
Rachel.Berg@libertymutual.com

structure, caused by or resulting from water.
4. **Windstorm or Hail, but not including:**
    a. Frost or cold weather;
    b. Ice (other than hail), snow or sleet, whether driven by wind or not; or
    c. Loss or damage to the interior of any building or structure, or the property inside the building or structure, caused by rain, snow, sand or dust, whether driven by wind or not, unless the building or structure first sustains wind or hail damage to its roof or walls through which the rain, snow, sand or dust enters.

5. Smoke causing sudden and accidental loss or damage. This cause of loss does not include smoke from agricultural smudging or industrial operations.

6. Aircraft or Vehicles, meaning only physical contact of an aircraft, a spacecraft, a self-propelled missile, a vehicle or an object thrown up by a vehicle with the described property or with the building or structure containing the described property. This cause of loss includes loss or damage by objects falling from aircraft. We will not pay for loss or damage caused by or resulting from vehicles you own or which are operated in the course of your business.

7. Riot or Civil Commotion, including:
    a. Acts of striking employees while occupying the described premises; and
    b. Looting occurring at the time and place of a riot or civil commotion.

8. Vandalism, meaning willful and malicious damage to, or destruction of, the described property. We will not pay for loss or damage caused by or resulting from theft, except for building damage caused by the breaking in or exiting of burglars.

9. Sprinkler Leakage, meaning leakage or discharge of any substance from an Automatic Sprinkler System, including collapse of a tank that is part of the system.

If the building or structure containing the Automatic
Sprinkler System is Covered Property,
we will also pay the cost to:

    **a.** Repair or replace damaged parts of the
Automatic Sprinkler System if the damage:

        **(1)** Results in sprinkler leakage; or

        **(2)** Is directly caused by freezing.

    **b.** Tear out and replace any part of the building
or structure to repair damage to the Automatic
Sprinkler System that has resulted in
sprinkler leakage.

    Automatic Sprinkler System means:

        **(1)** Any automatic fire protective or extinguishing
system, including connected:

            **(a)** Sprinklers and discharge nozzles;

            **(b)** Ducts, pipes, valves and fittings;

            **(c)** Tanks, their component parts and
supports; and

            **(d)** Pumps and private fire protection
mains.

        **(2)** When supplied from an automatic fire
protective system:

            **(a)** Non-automatic fire protective systems;
and

            **(b)** Hydrants, standpipes and outlets.

**10.** Sinkhole Collapse, meaning loss or damage
caused by the sudden sinking or collapse of
land into underground empty spaces created by
the action of water on limestone or dolomite.
This cause of loss does not include:

    **a.** The cost of filling sinkholes; or

    **b.** Sinking or collapse of land into man-made
underground cavities.

**11.** Volcanic Action, meaning direct loss or damage
resulting from the eruption of a volcano when
the loss or damage is caused by:

    **a.** Airborne volcanic blast or airborne shock
waves;

    **b.** Ash, dust or particulate matter; or

    **c.** Lava flow.

    All volcanic eruptions that occur within any 168-
hour period will constitute a single occurrence.
This cause of loss does not include the cost to
remove ash, dust or particulate matter that
does not cause direct physical loss or damage
to the described property.



Liberty Mutual Insurance
Rachel Berg, Claims Specialist II
CL Mountain Region Claims
P.O. Box 515097
Los Angeles, CA 90051-5097
O(720)-873-9309
F(888)268-8840
TF(800)-840-2242 Ext 309
Rachel.Berg@libertymutual.com

**12. Falling Objects**

But we will not pay for loss or damage to:

    a. Personal property in the open; or

    b. The interior of a building or structure, or property inside a building or structure, unless the roof or an outside wall of the building or structure is first damaged by a falling object.

**13. Weight Of Snow, Ice Or Sleet**

But we will not pay for loss or damage to personal property outside of buildings or structures.

**14. Water Damage**

    a. Water Damage, meaning accidental discharge or leakage of water or steam as the direct result of the breaking apart or cracking of a plumbing, heating, air conditioning or other system or appliance, that is located on the described premises and contains water or steam.

    However, Water Damage does not include:

        (1) Discharge or leakage from:

            (a) An Automatic Sprinkler System;

            (b) A sump or related equipment and parts, including overflow due to sump pump failure or excessive volume of water; or

            (c) Roof drains, gutters, downspouts or similar fixtures or equipment.

        (2) The cost to repair any defect that caused the loss or damage;

        (3) Loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more; or

        (4) Loss or damage caused by or resulting from freezing, unless:

            (a) You do your best to maintain heat in the building or structure; or

            (b) You drain the equipment and shut off

the water supply if the heat is not maintained.

**b.** If coverage applies subject to **a.** above, and the building or structure containing the system or appliance is Covered Property, we will also pay the cost to tear out and replace any part of the building or structure to repair damage to the system or appliance from which the water or steam escapes. But we will not pay the cost to repair any defect that caused the loss or damage.

**CP 00 90 07 88**
**COMMERCIAL PROPERTY CONDITIONS**
**H. POLICY PERIOD, COVERAGE TERRITORY**
Under this Coverage Part:

1. We cover loss or damage commencing:
   **a.** During the policy period shown in the Declarations; and
   **b.** Within the coverage territory.
2. The coverage territory is:
   **a.** The United States of America (including its territories and possessions);
   **b.** Puerto Rico; and
   **c.** Canada.

In view of the above, and without waiver of any other policy provisions, we must take the position at this time that the claim for damages to the roof and resulting water damage is not one for which we can provide coverage. There was no evidence of wind or hail damage found to the roofing systems. Additionally, there is no coverage for water damage to the interior or exterior of the building as the roof did not first sustain wind or hail damage which rain or snow could have entered. Under the Broad Causes of Loss form, which is what your policy provides coverage for, you have coverage only for the causes of loss that are specifically listed, therefore you have a duty to prove your loss to us. Windstorm or Hail is listed as a cause of loss, however our inspection did not reveal any evidence of wind or hail to the roof, therefore that peril would not apply. Our investigation did not reveal evidence of wind or hail damage to the exterior, nor did we find any verification that a hail storm would have occurred during your policy periods with us. We have gone above and beyond the duty to determine the cause of the conditions to your roof. If you have any evidence or documentation to prove that you have suffered from a loss caused by one of the perils listed in your policy above, please forward that information to us for review.

We regret that your policy does not afford coverage at this time, but hope you feel we handled the matter in a courteous manner. **If there is any other information you wish us to consider, or if there are any questions, please call me at 1-800-840-2242 ext. 309.**



**Liberty Mutual Insurance**
Rachel Berg, Claims Specialist II
CL Mountain Region Claims
P.O. Box 515097
Los Angeles, CA 90051-5097
O(720-873-9509
F(888)268-8540
TF(800)-840-2242 Ext 309
Rachel.Berg@libertymutual.com

This letter is not to be understood as a waiver of any of the rights under the terms and conditions of your insurance policy with us. Peerless Indemnity expressly reserves any and all rights under the terms and conditions of your policy with us and waives none.

Sincerely,
Peerless Indemnity Insurance Company

Rachel Berg
Property Claims Specialist
Email:
Rachel.Berg@libertymutual.com

Cc: File &

Baker Insurance Services LLC
PO Box 349
Belen, NM 87002-0349

PHONE: (505) 869-2977
CELL: (505) 440-2644



**FELIPE LUCERO**
**ROOFING CO.**

P.O. BOX 473
TRIBAL ROAD 33
ISLETA, NM 87022

Permanent License #89636

Permanent Certificate #104211

# Everything in Roofing Throughout New Mexico
# PROPOSAL and/or CONTRACT

To: Mr. Sedillo
Address: 1219 Main St.
　　　　　Los Lunas, NM 8703

Date:  February 5, 2013
Price: $10.780.00
Tax:  $   774.27
Total: $11,554.27

Work to consist of:  On entire house, strip 2 layers of shingles down to the wood deck because of wind and hail damage (pictures enclosed as requested).  Remove debris from premises.  On clean roof surface, nail down 1 layer #15 under layment and install new galvanized metal edging.  Then hand nail down Rustic Cedar 30 year fiberglass shingles and install a double course on ridge.  We exclude in this quotation any unknown but necessary repairs to the roof structure.  Leave premises clean.

A 30 Year Limited Manufacture Warranty

5 Year Maintenance Guarantee

Terms:  1/2 down payment, balance when work is completed.

*Additional Cost if Building Cost is Required*

Read this agreement before signing.  The following terms apply (1) payment is due on completion.  (2) no late charge will be imposed for 30 days.  Thereafter, a late charge equal to 1/12 of the annual maximum rate of legal interest as of the first day of the late charge is imposed will be charged each month on any balance past due.  (3) IF THIS IS REPAIR WORK OR PATCH WORK, RATHER THAN A NEW ROOF. IT IS NOT GUARANTEED AND THERE IS NO IMPLIED WARRANTY ON ANY OF THE REPAIR WORK OR MATERIALS USED UNLESS SPECIFICALLY STATED SO ON THIS PROPOSAL. (4) Whether or not this is a repair job, attorneys' fees and court costs will be added if this account is given to an attorney for collection. (5) Whether or not this is a repair job, if this agreement is not signed by you, but the work is performed upon your verbal authority, all terms of this agreement will be binding on you and any other persons having interest in the property.

Accepted by:_____

Date:_____

FELIPE LUCERO ROOFING CO.
By: _Felipe Lucero_____

**EXHIBIT**

B

Sedillo Electric
1219 Main St.
Los Lunas, Nm   87031



18'

19

72

48'

$$72' \qquad 29$$
$$48' \qquad 18$$
$$\overline{3456} \qquad \overline{521} = 3978 = 40 \text{ SQs. } 30 \text{ year Shingles.}$$

4.5 — Starters & Ridge

44 SQS — Total

245.00 per SQs

Storm Events Database - Search Results | National Climatic Data Center    http://www.ncdc.noaa.gov/stormevents/listevents.jsp?beginDate_m...

NOAA HOME   WEATHER   OCEANS   FISHERIES   CHARTING   SATELLITES   CLIMATE   RESEARCH   COASTS   CAREERS

Home   Contact Us   About NCDC   Help

NCDC > Storm Events Database (Select State) > (Select Date/County/Zone/Event)

Storm Events Database

# Storm Events Database

### Search Results for VALENCIA (County), (NEW MEXICO)

1 event(s) were reported between 10/01/2011 and 01/13/2013 (471 days)

**Data Access**
Search
FTP Access
Database Download
Storm Data Publication
**Documentation**
Storm Data FAQ
Storm Data Preparation
Tornado EF Scale
**External Resources**
NOAA's SPC Reports
NOAA's SPC WCM Page
SHELDUS

**Summary Info:**

| | |
|---|---|
| Number of County/Zone areas affected: | 1 |
| Number of Days with Event: | 1 |
| Number of Days with Event and Death: | 0 |
| Number of Days with Event and Death or Injury: | 0 |
| Number of Days with Event and Property Damage: | 0 |
| Number of Days with Event and Crop Damage: | 0 |
| Number of Event Types reported: | 1 |

Data Export: (current results)



**Column Definitions:**
'Mag': Magnitude, 'Dth': Deaths, 'Inj': Injuries, 'PrD': Property Damage, 'CrD': Crop Damage

*Click on Location below to display details*

Select:  All Hail

Sort By: Date/Time (Oldest)

| Location | County/Zone | St | Date | Time | T.Z. | Type | Mag | Dth | Inj | PrD | CrD |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Totals: | | | | | | | | 0 | 0 | 0.00K | 0.00K |
| BELEN | VALENCIA CO. | NM | 05/13/2012 | 14:30 | MST-7 | Hail | 0.75 in. | 0 | 0 | 0.00K | 0.00K |
| Totals: | | | | | | | | 0 | 0 | 0.00K | 0.00K |

Privacy Policy | FOIA | Information Quality | Disclaimer | Contact Us



EXHIBIT
C
exhibit

12/9/2013 1:03 PM

Storm Events Database - Event Details | National Climatic Data Center        http://www.ncdc.noaa.gov/stormevents/eventdetails.jsp?id=371129

NOAA HOME   WEATHER   OCEANS   FISHERIES   CHARTING   SATELLITES   CLIMATE   RESEARCH   COASTS   CAREERS

Home   Contact Us   About NCDC   Help

NCDC > Storm Events Database (Select State)

Storm Events Database

**Data Access**
  Search
  FTP Access
  Database Download
  Storm Data Publication
**Documentation**
  Storm Data FAQ
  Storm Data Preparation
  Tornado EF Scale
**External Resources**
  NOAA's SPC Reports
  NOAA's SPC WCM Page
  SHELDUS

# Storm Events Database

## Event Details

| | |
|---|---|
| Event | Hail |
| Magnitude | 0.75 in. |
| State | NEW MEXICO |
| County/Area | VALENCIA |
| WFO | ABQ |
| Begin Date | 05/13/2012 14:30:00 MST-7 |
| Begin Range | 0 |
| Begin Azimuth | N |
| Begin Location | BELEN |
| Begin Lat/Lon | 34.66/-106.78 |
| End Date | 05/13/2012 14:30:00 MST-7 |
| Deaths Direct/Indirect | 0/0 (fatality details below, when available...) |
| Injuries Direct/Indirect | 0/0 |
| Property Damage | 0.00K |
| Crop Damage | 0.00K |
| Episode Narrative | Numerous showers and thunderstorms developed mainly south of I-40 once cloud cover dissipated. Strong instability and shear led to rapidly developing severe storms in the early afternoon. These storms continued through the evening hours across much of south central New Mexico. |
| Event Narrative | Hail piled up 3 to 4 inches deep Belen. |

All events for this episode:

| Location | County/Zone | St. | Date | Time | T.Z. | Type | Mag | Dth | Inj | PrD | CrD |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Totals: | | | | | | | | 0 | 0 | 1.00K | 0.00K |
| MAGDALENA MUNI ARPT | SOCORRO CO. | NM | 05/13/2012 | 12:49 | MST-7 | Tornado | EF1 | 0 | 0 | 1.00K | 0.00K |
| MAGDALENA | SOCORRO CO. | NM | 05/13/2012 | 13:00 | MST-7 | Hail | 1.25 in. | 0 | 0 | 0.00K | 0.00K |
| PROGRESSO | TORRANCE CO. | NM | 05/13/2012 | 13:08 | MST-7 | Hail | 1.00 in. | 0 | 0 | 0.00K | 0.00K |
| BELEN | VALENCIA CO. | NM | 05/13/2012 | 14:30 | MST-7 | Hail | 0.75 in. | 0 | 0 | 0.00K | 0.00K |
| OSCURO | LINCOLN CO. | NM | 05/13/2012 | 17:53 | MST-7 | Thunderstorm Wind | 65 kts. MG | 0 | 0 | 0.00K | 0.00K |
| Totals: | | | | | | | | 0 | 0 | 1.00K | 0.00K |

Privacy Policy | FOIA | Information Quality | Disclaimer | Contact Us



12/9/2013 1:07 PM

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/12/2014 12:17:05 PM
PHILLIP ROMERO

STATE OF NEW MEXICO
COUNTY OF VALENCIA
THIRTEENTH JUDICIAL DISTRICT COURT

SEDILLO ELECTRIC and
TELESOR SEDILLO,

                                     Cause No. D-1314-CV-2013-01427

           Plaintiffs,

v.

COLORADO CASUALTY INSURANCE
COMPANY, LIBERTY MUTUAL INSURANCE
COMPANY, PEERLESS INSURANCE COMPANY,
AND BAKER INSURANCE SERVICES, L.L.C.,

          Defendants.

## BAKER INSURANCE SERVICES, L.L.C.'S ANSWER TO COMPLAINT FOR BREACH OF CONTRACT, EQUITY AND NEGLIGENCE, MISREPRESENTATIONS,UNFAIR INSURANCE PRACTICES AND UNFAIR TRADE PRACTICES

       Defendant Baker Insurance Services, LLC. ("Baker"), by and through its attorneys, Olsen Parden Williams, P.C. (Shannon A. Parden), hereby submits its Answer to Complaint for Breach of Contract, Equity and Negligence, Misrepresentations, Unfair Insurance Practices and Unfair Trade Practices ("Plaintiffs' Complaint"). In response to the allegations in the first paragraph of Plaintiffs' Complaint, Baker denies that it issued any policy of insurance to the Plaintiffs.

### Parties and General Jurisdiction

       In response to the first paragraph under the heading "Parties and General Jurisdiction", Baker admits that Peerless Indemnity Insurance Company ("Peerless") issued a policy of insurance to Sedillo Electric and Telesfor Sedillo. To the extent the allegations in said paragraph exceed and/or are inconsistent with the foregoing, Baker is without sufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, denies the same

1

1.      Baker is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and, therefore, denies the same.

2.      Upon information and belief, Baker admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.      Baker is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 3 and 4 of Plaintiffs' Complaint and, therefore, denies the same.

4.      The allegations contained in Paragraphs 5 and 6 of Plaintiffs' Complaint are directed at other defendants and, therefore, no answer is required from Baker. To the extent an answer is required from Baker, Baker is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 5 and 6 of Plaintiffs' Complaint and, therefore, denies the same.

5.      Baker admits the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

6.      Paragraphs 8 and 9 of Plaintiffs' Complaint state legal conclusions to which no response is required of Baker. To the extent a response is required, Baker is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 8 and 9 of Plaintiffs' Complaint and, therefore, denies the same.

**Insurance Coverage at Issue**

7.      In response to the allegations contained in Paragraph 10 of Plaintiffs' Complaint, Baker admits that Peerless issued a policy of insurance to Sedillo Electric and Telesfor Sedillo. Baker is without sufficient knowledge or information to form a belief as to the truth of the

remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint and, therefore, denies the same.

8.     Paragraph 11 of Plaintiffs' Complaint contains factual and/or legal conclusions to which no answer is required. To the extent an answer is required of Baker, Baker denies the allegations in Paragraph 11 of Plaintiffs' Complaint.

## Material Facts

9.     In response to the allegations contained in Paragraph 12 of Plaintiffs' Complaint, Baker admits that on or about January 29, 2013, Telesfor Sedillo reported a possible loss of unknown origin to Baker. To the extent the allegations in Paragraph 12 of Plaintiffs' Complaint exceed and/or are inconsistent with the foregoing, Baker denies the same.

10.     In response to the allegations contained in Paragraph 13 of Plaintiffs' Complaint, Baker denies that it was involved in the investigation of Plaintiffs' claim. Baker also denies that Exhibit B to the Complaint is an expert opinion, that Exhibit B contains any opinion as to the cause of the purported loss, and that Felipe Lucero is qualified as an expert. To the extent the allegations in Paragraph 13 of Plaintiffs' Complaint exceed and/or are inconsistent with the foregoing, Baker denies the same.

11.      Baker is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint and, therefore, denies the same.  Baker also states that the March 22, 2013 letter from Rachael Berg speaks for itself and, to the extent the allegations contained in Paragraph 14 of Plaintiffs' Complaint are inconsistent with Berg's letter, Baker denies the same.

12.     Baker denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

13.    Baker admits that Plaintiffs have been insured with Peerless since on or around September 2, 2010. In response to the remaining allegations contained in Paragraph 16 of Plaintiffs' Complaint, Baker denies that Exhibit C to the Complaint shows any evidence of hail damage or that Exhibit C addresses or references the Los Lunas area where Plaintiffs' applicable property is located. To the extent the allegations in Paragraph 16 of Plaintiffs' Complaint exceed and/or are inconsistent with the foregoing, Baker denies the same.

14.    Baker denies the allegations contained in Paragraphs 17 and 18 of Plaintiffs' Complaint.

15.    In response to the allegations contained in Paragraph 19 of Plaintiffs' Complaint, Baker denies it was involved in any way in the denial of coverage. Some of the remaining allegations in Paragraph 19 state a legal conclusion to which no response is required. Baker denies all allegations contained in Paragraph 19 that are inconsistent with and/or exceed the foregoing.

**Count II**
**Breach of Insurance and Agency Contract**

16.    In response to the allegations contained in Paragraph 20 of Plaintiffs' Complaint, Baker realleges its answers contained in Paragraphs 1 through 15 above as though fully set forth herein.

17.    Baker denies the allegations contained in Paragraphs 21 and 22 of Plaintiffs' Complaint.

**Count III**
**Unfair Insurance Practice**

18.     In response to the allegations contained in Paragraph 23 of Plaintiffs' Complaint, Baker realleges its answers contained in Paragraphs 1 through 17 above as though fully set forth herein.

19.     Baker denies the allegations contained in Paragraphs 24, 25 (including subparts a-i), 26, 27, and 28 of Plaintiffs' Complaint.

**Count IV**
**Unfair Trade Practices**

20.     In response to the allegations contained in Paragraph 29 of Plaintiffs' Complaint, Baker realleges its answers contained in Paragraphs 1 through 19 above as though fully set forth herein.

21.     Baker denies the allegations contained in Paragraphs 30, 31 (including subparts a-b), 32, and 33 of Plaintiffs' Complaint.

22.     All allegations not expressly admitted are denied.

**<u>AFFIRMATIVE DEFENSES</u>**

Specifically denying liability herein, Baker raises the following separate and alternative affirmative defenses to Plaintiffs' Complaint:

1.     Baker is an improper party to this lawsuit.

2.     Plaintiffs fail to state a claim against Baker for which relief can be granted.

3.     Plaintiffs have failed to state a claim against Baker for violations of the New Mexico Unfair Insurance Practices Act or Unfair Practices Act.

4.     To the extent that Plaintiffs claim violation of the New Mexico Unfair Insurance Practices Act or Unfair Practices Act, Plaintiffs knew these claims to be groundless and Baker is

entitled to recover its attorney fees pursuant to NMSA 1978 § 59A-16-30 and / or NMSA 1978 § 57-12-2.

5.     Plaintiffs have suffered no damage, injury or otherwise as a result of any of the alleged acts of Baker.

6.     Plaintiffs' claims are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

7.     Baker is not a party to the insurance contract.

8.     Plaintiffs are not parties to the Agency Agreement.

9.     None of the actions of Baker were frivolous, unfounded or otherwise in bad faith; any actions of Baker were reasonable.

10.     The policy of insurance issued to Plaintiffs by Peerless is limited by the terms, conditions, and exclusions set forth by the policy and as provided by New Mexico law, and Defendants are entitled to rely upon its provisions.

11.     Plaintiffs have failed to state a claim for punitive damages against Baker and, as such, any aware of punitive or exemplary damages is barred by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, as well as Article II, Sections 13, 14, 15 and 18 of the Constitution of the State of New Mexico.  Any award of punitive damages under the facts of this case would be unjustified and would constitute a denial of equal protection of the law, a denial of due process of law, and the imposition of an excessive fine.

12.     To the extent Plaintiffs failed to mitigate their alleged damages, they are barred from recovery herein.

13.     Plaintiffs were negligent and any damages sought by Plaintiffs must be reduced by Plaintiffs' own comparative fault.

14.     Baker reserves the right to assert such additional affirmative defenses as may be available or discovered during the course of this matter.

WHEREFORE, Defendant Baker Insurance Services, L.L.C., having fully answered Plaintiffs' Complaint, request that Plaintiffs' Complaint be dismissed with prejudice, that Baker be awarded attorney fees and costs, and for such other and additional relief as this Court deems just and proper.

Respectfully submitted,

OLSEN PARDEN WILLIAMS, P.C.

By: */s/ Shannon A. Parden*
  Shannon A. Parden
  Attorneys for Defendants
  4253 Montgomery Blvd NE, G-130
  Albuquerque, NM 87109
  505-881-2782

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was electronically served upon Eric Sedillo Jeffries, 1201 Lomas N.E., Suite A, Albuquerque, NM, 87102, this 12th day of February, 2014.

By: */s/ Shannon A. Parden*
  Shannon A. Parden

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/27/2014 11:23:10 AM
PHILLIP ROMERO

STATE OF NEW MEXICO
COUNTY OF VALENCIA
THIRTEENTH JUDICIAL DISTRICT COURT

SEDILLO ELECTRIC and
TELESOR SEDILLO,

Cause No. D-1314-CV-2013-01427

Plaintiffs / Counterdefendants,

v.

COLORADO CASUALTY INSURANCE
COMPANY, LIBERTY MUTUAL INSURANCE
COMPANY, PEERLESS INSURANCE COMPANY,
AND BAKER INSURANCE SERVICES, L.L.C.,

Defendants / Counterclaimants.

## COLORADO CASUALTY INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, AND PEERLESS INDEMNITY INSURANCE COMPANY'S ANSWER TO COMPLAINT FOR BREACH OF CONTRACT, EQUITY AND NEGLIGENCE, MISREPRESENTATIONS,UNFAIR INSURANCE PRACTICES AND UNFAIR TRADE PRACTICES AND COUNTERCLAIM

Defendants Colorado Casualty Insurance Company ("CCIC"); Liberty Mutual Insurance Company ("Liberty Mutual"); and Peerless Indemnity Insurance Company ("Peerless"), incorrectly referred to in the caption as Peerless Insurance Company, hereby submit their Answer to Complaint for Breach of Contract, Equity and Negligence, Misrepresentations, Unfair Insurance Practices and Unfair Trade Practices ("Plaintiffs' Complaint") and Counterclaim for Declaratory Judgment. CCIC, Liberty Mutual, and Peerless are collectively referred to herein as "Defendants." In response to the allegations in the first paragraph of Plaintiffs' Complaint, Defendants deny that Baker Insurance Services, L.L.C. ("Baker") issued any policy of insurance to the Plaintiffs.

**Parties and General Jurisdiction**

In response to the first paragraph under the heading "Parties and General Jurisdiction", Defendants admit that Peerless issued a policy of insurance to Sedillo Electric and Telesfor Sedillo. To the extent the allegations in said paragraph exceed and/or are inconsistent with the foregoing, Defendants are without sufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, denies the same

1.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and, therefore, deny the same.

2.      Defendants admit the allegations contained in Paragraphs 2, 3, and 4 of Plaintiffs' Complaint.

3.      Defendants deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

4.      Paragraph 6 of Plaintiffs' Complaint alleges in part, Plaintiffs' strategy as to how they refer to Defendants and, as such, does not require a response from Defendants.  In further response to Paragraph 6 of Plaintiffs' Complaint, Defendants admit that Peerless issued the policy of insurance at issue herein. Defendants further state that the March 22, 2013 letter from Rachael Berg speaks for itself and, to the extent the allegations in Paragraph 6 are inconsistent therewith, such allegations are denied. Defendants deny all allegations contained in Paragraph 6 that exceed the foregoing.

5.      Based upon information and belief, Defendants admit the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

6.      Paragraphs 8 and 9 of Plaintiffs' Complaint state factual and/or legal conclusions to which no response is required of Defendants.

## Insurance Coverage at Issue

7.      In response to the allegations contained in Paragraph 10 of Plaintiffs' Complaint, Defendants admits that Peerless issued a policy of insurance to Sedillo Electric and Telesfor Sedillo, which was annually renewed on or about September 2, 2011 and September 2, 2012. Defendants further state that the March 22, 2013 letter from Rachael Berg speaks for itself and, to the extent the allegations in Paragraph 10 are inconsistent therewith, such allegations are denied. Defendants deny all allegations contained in Paragraph 10 that exceed the foregoing.

8.      Paragraph 11 of Plaintiffs' Complaint contains factual and/or legal conclusions to which no answer is required. To the extent an answer is required of Defendants, Defendants deny the allegations in Paragraph 11 of Plaintiffs' Complaint.

## Material Facts

9.      In response to the allegations contained in Paragraph 12 of Plaintiffs' Complaint, Defendants admits that on or about January 29, 2013, Telesfor Sedillo reported a possible loss of unknown origin to Defendants. To the extent the allegations in Paragraph 12 of Plaintiffs' Complaint exceed and/or are inconsistent with the foregoing, Defendants deny the same.

10.      In response to the allegations contained in Paragraph 13 of Plaintiffs' Complaint, Defendants admit that Felipe Lucero prepared a February 5, 2013 estimate to replace the roof at the insured premises. Defendants deny that Exhibit B to the Complaint is an expert opinion, that Exhibit B contains any expert opinion as to the cause of the purported loss, and that Felipe Lucero is qualified as an expert. To the extent the allegations in Paragraph 13 of Plaintiffs' Complaint exceed and/or are inconsistent with the foregoing, Defendants deny the same.

11.     Defendants deny the allegations contained in the first sentence of Paragraph 14 of Plaintiffs' Complaint. In regard to the allegations contained in the second sentence of Paragraph 14, Defendants state that the March 22, 2013 letter from Rachael Berg speaks for itself and, to the extent the allegations contained in Paragraph 14 of Plaintiffs' Complaint are inconsistent with Berg's letter, Defendants deny the same. To the extent the allegations in Paragraph 14 of Plaintiffs' Complaint exceed and/or are inconsistent with the foregoing, Defendants deny the same.

12.     Some of the allegations contained in Paragraph 15 of Plaintiffs' Complaint contained legal conclusions to which no response is required of Defendants. In further response to Paragraph 15 of Plaintiffs' Complaint, Defendants admit that they conducted in good faith a reasonable investigation of Plaintiffs' claim. Defendants deny the remaining allegations contained in Paragraph 15 of Plaintiffs' Complaint to the extent they allege any misrepresentation on the part of Defendants and to the extent they are inconsistent with and/or exceed the foregoing.

13.     Defendants admit that Plaintiffs have been insured with Peerless since on or around September 2, 2010. In response to the remaining allegations contained in Paragraph 16 of Plaintiffs' Complaint, Defendants deny that Exhibit C to the Complaint shows any evidence of hail damage or that Exhibit C addresses or references the Los Lunas area where Plaintiffs' property is located. To the extent the allegations in Paragraph 16 of Plaintiffs' Complaint exceed and/or are inconsistent with the foregoing, Defendants deny the same.

14.     Defendants deny that Exhibit C to the Complaint shows any evidence of hail damage or that Exhibit C addresses or references the Los Lunas area where Plaintiffs' property is

located. Defendants deny the remaining allegations contained in Paragraphs 17 and 18 of Plaintiffs' Complaint.

15.     In response to the allegations contained in Paragraph 19 of Plaintiffs' Complaint, Defendants deny Baker was involved in any way in the denial of coverage. Some of the remaining allegations in Paragraph 19 state a legal conclusion to which no response is required. Defendants deny all allegations contained in Paragraph 19 that are inconsistent with and/or exceed the foregoing.

**Count II**
**Breach of Insurance and Agency Contract**

16.     In response to the allegations contained in Paragraph 20 of Plaintiffs' Complaint, Defendants reallege their answers contained in Paragraphs 1 through 15 above as though fully set forth herein.

17.     Defendants deny the allegations contained in Paragraphs 21 and 22 of Plaintiffs' Complaint.

**Count III**
**Unfair Insurance Practice**

18.     In response to the allegations contained in Paragraph 23 of Plaintiffs' Complaint, Defendants reallege their answers contained in Paragraphs 1 through 17 above as though fully set forth herein.

19.     Defendants deny the allegations contained in Paragraphs 24, 25 (including subparts a-i), 26, 27, and 28 of Plaintiffs' Complaint.

**Count IV**
**Unfair Trade Practices**

20.     In response to the allegations contained in Paragraph 29 of Plaintiffs' Complaint, Defendants reallege their answers contained in Paragraphs 1 through 19 above as though fully set forth herein.

21.     Defendants deny the allegations contained in Paragraphs 30, 31 (including subparts a-b), 32, and 33 of Plaintiffs' Complaint.

22.     All allegations not expressly admitted are denied.

<u>**AFFIRMATIVE DEFENSES**</u>

Specifically denying liability herein, Defendants raise the following separate and alternative affirmative defenses to Plaintiffs' Complaint:

1.     CCIC and Liberty Mutual are improper parties to this lawsuit.

2.     Plaintiffs fail to state a claim against Defendants for which relief can be granted.

3.     Plaintiffs have failed to state a claim against Defendants for violations of the New Mexico Unfair Insurance Practices Act or Unfair Practices Act.

4.     To the extent that Plaintiffs claim violation of the New Mexico Unfair Insurance Practices Act or Unfair Practices Act, Plaintiffs knew these claims to be groundless and Defendants are entitled to recover its attorney fees pursuant to NMSA 1978 § 59A-16-30 and / or NMSA 1978 § 57-12-2.

5.     Plaintiffs have suffered no damage, injury or otherwise as a result of any of the alleged acts of Defendants.

6.     Plaintiffs' claims are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

7.     CCIC and Liberty Mutual are not parties to the insurance contract.

6

8.      Plaintiffs are not parties to the Agency Agreement.

9.      None of the actions of Defendants were frivolous, unfounded or otherwise in bad faith; any actions of Defendants were reasonable and in good faith.

10.     The policy of insurance issued to Plaintiffs by Peerless is limited by the terms, conditions, and exclusions set forth by the policy and as provided by New Mexico law, and Defendants are entitled to rely upon its provisions.

11.     Plaintiffs have failed to state a claim for punitive damages against Defendants and, as such, any aware of punitive or exemplary damages is barred by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, as well as Article II, Sections 13, 14, 15 and 18 of the Constitution of the State of New Mexico.  Any award of punitive damages under the facts of this case would be unjustified and would constitute a denial of equal protection of the law, a denial of due process of law, and the imposition of an excessive fine.

12.     To the extent Plaintiffs failed to mitigate their alleged damages, they are barred from recovery herein.

13.     Plaintiffs were negligent and any damages sought by Plaintiffs must be reduced by Plaintiffs' own comparative fault.

14.     Plaintiffs have failed to meet all conditions precedent to recovery under the policy and/or have failed to comply with the terms, conditions, and requirements of the policy.

15.     Plaintiffs' claims are barred by the provisions of the policy.

16.     At all material times, Defendant acted in good faith and any dispute with Plaintiffs in terms of either the coverage under the policy or amounts owed was an honest dispute, and Defendants are entitled to have a jury determine what a reasonable amount of damages is, if any.

17.     Plaintiff's claims for statutory bad faith are barred under the applicable statutes and case law.

18.     Plaintiffs have failed to state a claim for interest, costs, and attorney fees.

19.     Plaintiffs have failed to state a claim for any type of damages, which includes their requests for compensatory, punitive, treble and other damages.

20.     Plaintiffs are not a party to the Agency Agreement.

21.     Defendants reserve the right to assert such additional affirmative defenses as may be available or discovered during the course of this matter.

WHEREFORE, Defendants, having fully answered Plaintiffs' Complaint, request that Plaintiffs' Complaint be dismissed with prejudice, that Defendants be awarded attorney fees and costs, and for such other and additional relief as this Court deems just and proper.

### DEFENDANTS' COUNTERCLAIM FOR DECLARATORY JUDGMENT

Defendants / Counterclaimants Colorado Casualty Insurance Company ("CCIC"); Liberty Mutual Insurance Company ("Liberty Mutual"); and Peerless Indemnity Insurance Company ("Peerless"), incorrectly referred to in the caption as Peerless Insurance Company, hereby submit their Counterclaim for Declaratory Judgment  pursuant to NMRA Rule 1-057 and NMSA § 44-6-1, *et seq.,* against Plaintiffs. CCIC, Liberty Mutual, and Peerless are collectively referred to herein as Counterclaimants. Counterclaimants state as follows:

1.     Counterclaimants reallege and incorporate their Answer to Plaintiffs' Complaint ("Plaintiffs' Complaint") as though fully set forth herein.

2.     Jurisdiction and venue are proper.

3.     Plaintiffs made a claim to Counterclaimants for damage to the roof at the insured premises in Los Lunas, New Mexico. When Plaintiff Telesfor Sedillo reported the claim on

January 1, 2013, he did not know whether the condition of the shingles on the roof on the premises was a result of wear and tear or the result of some covered cause of loss that occurred on an unknown date.

4.     On February 5, 2013, Telesfor Sedillo submitted an estimate for replacement of the roof.

5.     Peerless issued a policy of insurance to Plaintiffs for certain periods of time ("Policy"), including policy periods 09/02/10 to 09/02/11, 09/02/11 to 09/02/12, and 09/02/12 to 09/02/13.

6.     Neither CCIC nor Liberty Mutual had a contract with either Plaintiff in this case.

7.     The Policy's Declarations list the premises as 1219 Main St. SE, Los Lunas, NM and show that the Causes of Loss Form is the "Broad" form. Excerpts of the Policy are attached hereto as **Exhibit A.**

8.     The Policy provides (emphasis added):

BUILDING AND PERSONAL PROPERTY COVERAGE FORM

A. Coverage
We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any **Covered Cause of Loss**.
    1. Covered Property.
    Covered Property, as used in this Coverage Part, means the type of property described in this Section, A.1., and limited in A.2, Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.
    a. Building, meaning the building or structure described in the Declarations, including:
            (1) Completed additions;
            (2) Fixtures, including outdoor fixtures;
            (3) Permanently installed:
                    (a) Machinery and
                    (b) Equipment;
\*\*\*
3. Covered Causes of Loss

See applicable Causes of Loss Form as shown in the Declarations.

9.     The Broad Form of the Policy further provides:

CAUSES OF LOSS – BROAD FORM

A. Covered Causes of Loss
When Broad is shown in the Declarations, Covered Causes of Loss means
the following:
***
4.  Windstorm or Hail, but not including:
***
c. Loss or damage to the interior of any building or structure, or the
property inside the building or structure, caused by rain, snow, sand or
dust, whether driven by wind or not, unless the building or structure first
sustains wind or hail damage to its roof or walls through which the rain,
snow, sand or dust enters.

10.     Counterclaimants conducted a reasonable investigation to determine whether
Plaintiffs' claim for replacement of his roof and alleged water damage was covered under the
Policy. Counterclaimants' investigations did not reveal any evidence of wind or hail damage to
the exterior of the premises, and Counterclaimants were unable to find any verification of a hail
storm in the Los Lunas area during the Peerless policy periods. Additionally, Plaintiffs provided
no evidence of damage to the interior of the premises.

11.     On March 22, 2013, after investigating Plaintiffs' claim and determining, among
other things, that the condition of the roof was not the result of a Covered Cause of Loss,
Counterclaimants denied coverage for Plaintiffs' claim.

12.     The allegations in Plaintiffs' Complaint give rise to an actual controversy between
Counterclaimants and Plaintiffs concerning whether there is any covered cause of loss. This
controversy involves the provisions of the Policy, including but not limited to the provisions set
forth above, and the Court should exercise its jurisdiction to declare the respective rights and
obligations of the parties under the Policy.

10

13.    The Court should declare that Plaintiffs' claim is not the result of a covered cause of loss and that the alleged loss is not covered under the Policy. The Court should, therefore, declare that there was no breach of contract and that, accordingly, the remainder of the claims against Counterclaimants must also be dismissed. The Court should also declare that Plaintiffs' claim is groundless and award attorney fees and costs to Defendants pursuant to NMSA 1978 § 59A-16-30 and / or NMSA 1978 § 57-12-2.

14.    The parties have a full and fair opportunity to litigate all issues raised in this Counterclaim and should be bound by any judgment herein.

WHEREFORE, Defendants Colorado Casualty Insurance Company, Liberty Mutual Insurance Company, and Peerless Indemnity Insurance respectfully request that the Court declare that Plaintiffs' claim is not the result of a covered cause of loss; that the alleged loss is not covered under the Policy; that there was no breach of contract; and that the remainder of the claims against Counterclaimants must also be dismissed. Defendants also request that the Court declare that Plaintiffs' claim was groundless and that the Court award attorney fees and costs to Defendants pursuant to NMSA 1978 § 59A-16-30 and / or NMSA 1978 § 57-12-2. Defendants also request any further relief the Court deems proper.

Respectfully submitted,


OLSEN PARDEN WILLIAMS, P.C.


By: _/s/ Shannon A. Parden_
   Shannon A. Parden
   Attorneys for Defendants and Counterclaimants
   4253 Montgomery Blvd NE, G-130
   Albuquerque, NM 87109
   505-881-2782

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was electronically served upon Eric Sedillo Jeffries, 1201 Lomas N.E., Suite A, Albuquerque, NM, 87102, this 27th   day of February, 2014.


By: */s/ Shannon A. Parden*
Shannon A. Parden

12

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/19/2014 10:21:00 AM
PHILLIP ROMERO

**STATE OF NEW MEXICO**
**COUNTY OF VALENCIA**
**THIRTEENTH JUDICIAL DISTRICT COURT**

**SEDILLO ELECTRIC and**
**TELESFOR SEDILLO,**

<b>Plaintiffs,</b>

vs.                                              **No. D-1314-CV-2013-01427**

**COLORADO CASUALTY INSURANCE**
 **COMPANY, LIBERTY MUTUAL INSURANCE**
**COMPANY, PEERLESS INSURANCE**
**COMPANY AND BAKER INSURANCE**
**SERVICES, L.L.C.,**

<b>Defendants.</b>

<b><u>ANSWER TO COUNTERCLAIM OF THE DEFENDANT INSURERS</u></b>

This is the answer of the Plaintiffs, Sedillo Electric and Telesfor Sedillo, to the

Defendants' Counterclaims for Declaratory Judgment ("Counterclaims"), filed February 27,

2014, as a part of *Colorado Casualty Insurance Company, Liberty Mutual Insurance*

*Company, and Peerless Indemnity Insurance Company's Answer to Complaint for*

*Breach of Contract, Equity and Negligence, Misrepresentations, Unfair Insurance*

*Practices and Unfair Trade Practices and Counterclaim.* References hereafter to the

"defendant insurers" is a reference to the three defendants, Colorado Casualty Insurance

Company ("Colorado Casualty"), Liberty Mutual Insurance Company ("Liberty Mutual")

and Peerless Insurance Company ("Peerless").

Plaintiffs respond to the Counterclaims as follows:

1.       The allegations in ¶¶ 1, 3, 6, 10, 11, 12, 13 and 14 are denied. As to ¶ 6,

based upon testimony in another case, Liberty Mutual owns Colorado Casualty and

Peerless. The misdirection of the answer is inappropriate and misleading.

1

2.      The assertions of ¶ 10 is knowingly falsely asserted and merits an award of attorney fees.

3.      Plaintiffs admit the assertions of ¶ 2 with respect to jurisdiction and venue. Plaintiffs admit ¶¶ 4, 5, 7 and 8, to the extent the quoted policy language may match the certified policy that the defendant insurers have refused to produce to date. The purported excerpts from the policy were not attached to the Counterclaims.

4.      There appears to be no intended allegations numbered ¶ 9, which appears to be a typographical error.

**Affirmative Defenses**

1.      The essential assertions that there is no evidence of hail damage is a false assertion, knowingly made or that the defendant insurers should have known was false. Moreover, a parallel case establishes that Colorado Casualty and Liberty Mutual are proper parties to this action because Liberty Mutual owns and directs all three of the defendant insurers.

2.      Failure to state a claim.

3.      To the extent the defendant insurers' Counterclaims violate the New Mexico Unfair Claims Practices Act and Unfair Trade Practices Act, Plaintiffs are entitled to attorney fees.

Respectfully submitted by :

ERIC SEDILLO JEFRIES, LLC

Eric Sedillo Jeffries
1201 Lomas Blvd. NW, Suite A
Albuquerque, NM 87102
Telephone (505) 842-0400
*Attorney for Plaintiffs*

2

I hereby certify that a true and correct
copy of the foregoing was emailed this
___14th___day of March 2014 to the following :

Shannon A. Parden
Olsen Parden PC
4253 Montgomery Blvd. NE #G130
Telephone (505) 881-2782
Facsimile (505) 212-0448
sparden@opclawfirm.com
*Attorney for Defendants*

ERIC SEDILLO JEFFRIES

3

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/4/2014 9:17:04 AM
PHILIP ROMERO

STATE OF NEW MEXICO
COUNTY OF VALENCIA
THIRTEENTH JUDICIAL DISTRICT COURT

SEDILLO ELECTRIC and
TELESFOR SEDILLO,

Cause No. D-1314-CV-2013-01427

          **Plaintiffs,**

v.

COLORADO CASUALTY INSURANCE
COMPANY, LIBERTY MUTUAL INSURANCE
COMPANY, PEERLESS INSURANCE COMPANY,
AND BAKER INSURANCE SERVICES, L.L.C.,

          **Defendants.**

## STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of discovery disputes, and protect the confidentiality of certain documents produced and the information contained therein, the Court hereby orders as follows:

### I.     TERMS AND CONDITIONS

1.     Plaintiffs Sedillo Electric and Telesor Sedillo ("Plaintiffs") and Defendants Colorado Casualty Insurance Company ("Colorado Casualty"), Liberty Mutual Insurance Company ("Liberty Mutual"), Peerless Insurance Company ("Peerless"), and Baker Insurance Services, LLC ("Baker") (collectively "Parties") have sought discovery, from each other or third parties, of certain documents and information that constitute confidential information. "Confidential Material" for purposes of this Order, may include documents disclosed or produced during discovery, deposition testimony and/or transcripts, and any portions of any pleadings or other documents that quote from or summarize the foregoing.

2.      The Parties may designate documents or information as Confidential Material.  In the case of documents, such designation shall be made by stamping the word "Confidential" on all pages of the document.  In the case of deposition testimony, such designation may be made by identifying on the record those portions of the testimony considered confidential, and such designation shall then be conspicuously identified by the reporter in the transcript as confidential. Additionally, in the case of deposition testimony, such designation may also be made upon review of the transcript following the deposition and asserted by means of written notice to the other parties identifying those portions of the testimony considered confidential.   Computer disks, drives, programs, and other electronic media and non-documentary material may be designated as Confidential Material by any suitable, conspicuous means.  The designation of information as Confidential Material shall constitute a certification by the attorney making the designation that he or she believes in good faith that the material is entitled to confidential protection.

3.      The Confidential Material shall not be disclosed to any persons other than:

A.      the Parties, the attorneys for the Parties, and paralegals, and clerical staff (whether employees or independent contractors) who are assisting in the litigation;

B.      officers, directors and/or employees of the Parties who have direct responsibility for assisting such counsel in the preparation and trial of the action;

C.      court reporters, court officials, the Court, the Court clerks, and the jury involved in this litigation at the trial and the appellate levels;

2

D.    experts, consultants and investigators and their staff who are retained by a party for purposes relating to this litigation and who have signed a document agreeing to act in conformity with this Protective Order; and

E.    any other non-party witnesses or deponents who have signed a document agreeing to act in conformity with this Protective Order, or deponents who agree on the record to maintain the confidentiality of the material.

4.    The Confidential Material received by any of the persons in the categories listed above in paragraph 3 shall be used only for the purposes of this litigation and for no other purposes, including for any other litigation, whether on the same issues in this case or others, or for any other business or personal purpose.  Nothing in this Protective Order shall prevent the Parties from any use of their own Confidential Material.  The Confidential Material may not be disclosed to the persons described in categories (D) and (E), above, unless the disclosing party determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or deponent.  The Confidential Material provided to a party shall be securely maintained in the offices of that party's outside counsel.  Any recipient of the Confidential Material shall maintain such information in a secure and safe manner, and the recipient shall exercise due and proper care with respect to the storage, custody, access, and use of all such information.  In addition, any summary or copy of information contained in the Confidential Material shall be subject to the terms of this Protective Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing confidential information.

5.     The Confidential Material may be copied or reproduced only to the extent reasonably necessary for this litigation.  All such copies or reproductions shall be subject to the terms of this Protective Order.

6.     If the Court orders that access to or dissemination of the Confidential Material shall be made to persons not included in paragraph 3 above, such Confidential Material shall only be accessible to, or disseminated to, such persons after they have executed a confidentiality agreement in conformity with this Protective Order.

## II.     NO WAIVER

The disclosure of the Confidential Material pursuant to discovery or the procedures set forth in this Protective Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information.

## III.     USE IN DEPOSITIONS

The Confidential Material may be sued at a deposition involving a party or party's representative, and the terms of this Protective Order shall apply.  The Confidential Material may be used at a deposition involving third-party witness referred in paragraph 3(E) above if:  (a) the counsel for the party using such material advises the witness of the terms of this Protective Order and the witness agrees on the record to maintain the confidentiality of the material; or (b) the witness executes a confidentiality agreement in conformity with this Protective Order.   If the witness declines to execute the confidentiality agreement or otherwise maintain the confidentiality of the material, the party seeking to use such Confidential Material must obtain leave from the Court before disclosing the material to the witness.

## IV. APPLICATION OF THE PROTECTIVE ORDER AND CHALLENGES TO A PARTY'S DESIGNATION OF CONFIDENTIAL MATERIAL

1.      This Protective Order shall apply to all pleadings, deposition transcripts, discovery papers, briefs, summaries, notes, abstracts, or other documents or information that comprise, embody, summarize, discuss, or quote from any documents or information, in any form, produced in this litigation that contain or refer to the Confidential Material.

2.      Nothing in this Protective Order shall affect the admissibility into evidence of the Confidential Material, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of Confidential Material.

3.      A party's compliance with this Order shall not constitute an admission that information designated by the other party as Confidential Material is, in fact, confidential information. The Parties may challenge each other's designation of information as Confidential Material by filing a motion requesting further disclosure or declassification of Confidential Material. The disputed material shall continue to be treated as confidential until such motion is determined by the Court. Nothing hereby shall affect a party's right to contest any assertion or finding of confidentiality or privilege and/or to appeal any adverse determination of the Court regarding said confidentiality or privilege.

## V. CONFIDENTIAL INFORMATION AT TRIAL

The Parties to this Protective Order expressly reserve at this time a determination as to the manner in which the Confidential Material subject to this protective Order may be used in an evidentiary hearing or at trial. Special procedures or *in camera* treatment, if any, may be determined in the future.

## VI.   **SPECIFIC DISCLOSURE**

By joint agreement, the Parties, through their counsel, may agree to any specific disclosure of the subject documents in a particular circumstance without prejudice to the continued application of this Protective Order regarding other sues of that Confidential Material.

## VII.   **MODIFICATION**

This Protective Order may be modified only by Order of the Court.

## VIII.   **RETURN OR DESTRUCTION OF THE DESIGNATED CONFIDENTIAL DOCUMENTS**

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the Parties shall either return or destroy the Confidential Material that are the subject of this Protective Order and provide written confirmation to the other counsel of record that the return or destruction of the Confidential Material has occurred.

IT IS SO ORDERED.

_____
DISTRICT COURT JUDGE

6

Respectfully submitted by:


OLSEN PARDEN WILLIAMS, P.C.


By:/s/ Shannon A. Parden
        Shannon A. Parden
4253 Montgomery Blvd NE, Suite G-130
 Albuquerque, NM 87109
 Tel:  (505) 881-2782
sparden@opclawfirm.com
*Attorneys for Defendants*


And


ERIC SEDILLO JEFFRIES, LLC


By:*Approved May 22, 2014*
        Eric Sedillo Jeffries
1201 Lomas Blvd., N. W., Suite A
Albuquerque, NM  87102
Tel:  (505) 842-0400
esjeffries@jeffriesfirm.com
*Attorneys for Plaintiffs*

Jane Yarbrough

Case 1:16-cv-00043-RB-WPL   Document 1-10   Filed 01/20/16   Page 69 of 75

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/13/2014 4:19:18 PM
PHILIP ROMERO

**STATE OF NEW MEXICO**
**COUNTY OF VALENCIA**
**THIRTEENTH JUDICIAL DISTRICT COURT**

**SEDILLO ELECTRIC and**
**TELESFOR SEDILLO,**

**Cause No. D-1314-CV-2013-01427**

**Plaintiffs,**

**v.**

**COLORADO CASUALTY INSURANCE**
**COMPANY, LIBERTY MUTUAL INSURANCE**
**COMPANY, PEERLESS INSURANCE COMPANY,**
**AND BAKER INSURANCE SERVICES, L.L.C.,**

**Defendants.**

## STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of discovery disputes, and protect the confidentiality of certain documents produced and the information contained therein, the Court hereby orders as follows:

## I.   TERMS AND CONDITIONS

1.       Plaintiffs Sedillo Electric and Telesor Sedillo ("Plaintiffs") and Defendants Colorado Casualty Insurance Company ("Colorado Casualty"), Liberty Mutual Insurance Company ("Liberty Mutual"), Peerless Insurance Company ("Peerless"), and Baker Insurance Services, LLC ("Baker") (collectively "Parties") have sought discovery, from each other or third parties, of certain documents and information that constitute confidential information. "Confidential Material" for purposes of this Order, may include documents disclosed or produced during discovery, deposition testimony and/or transcripts, and any portions of any pleadings or other documents that quote from or summarize the foregoing.

2. The Parties may designate documents or information as Confidential Material. In the case of documents, such designation shall be made by stamping the word "Confidential" on all pages of the document. In the case of deposition testimony, such designation may be made by identifying on the record those portions of the testimony considered confidential, and such designation shall then be conspicuously identified by the reporter in the transcript as confidential. Additionally, in the case of deposition testimony, such designation may also be made upon review of the transcript following the deposition and asserted by means of written notice to the other parties identifying those portions of the testimony considered confidential. Computer disks, drives, programs, and other electronic media and non-documentary material may be designated as Confidential Material by any suitable, conspicuous means. The designation of information as Confidential Material shall constitute a certification by the attorney making the designation that he or she believes in good faith that the material is entitled to confidential protection.

3. The Confidential Material shall not be disclosed to any persons other than:

A. the Parties, the attorneys for the Parties, and paralegals, and clerical staff (whether employees or independent contractors) who are assisting in the litigation;

B. officers, directors and/or employees of the Parties who have direct responsibility for assisting such counsel in the preparation and trial of the action;

C. court reporters, court officials, the Court, the Court clerks, and the jury involved in this litigation at the trial and the appellate levels;

2

D.      experts, consultants and investigators and their staff who are
retained by a party for purposes relating to this litigation and who have signed a
document agreeing to act in conformity with this Protective Order; and

E.      any other non-party witnesses or deponents who have signed a
document agreeing to act in conformity with this Protective Order, or deponents
who agree on the record to maintain the confidentiality of the material.

4.      The Confidential Material received by any of the persons in the categories listed
above in paragraph 3 shall be used only for the purposes of this litigation and for no other
purposes, including for any other litigation, whether on the same issues in this case or others, or
for any other business or personal purpose. Nothing in this Protective Order shall prevent the
Parties from any use of their own Confidential Material. The Confidential Material may not be
disclosed to the persons described in categories (D) and (E), above, unless the disclosing party
determines in good faith that the disclosure is necessary for the purpose of developing testimony
of such witness or deponent. The Confidential Material provided to a party shall be securely
maintained in the offices of that party's outside counsel. Any recipient of the Confidential
Material shall maintain such information in a secure and safe manner, and the recipient shall
exercise due and proper care with respect to the storage, custody, access, and use of all such
information. In addition, any summary or copy of information contained in the Confidential
Material shall be subject to the terms of this Protective Order to the same extent as the
information or document of which summary or copy is made, and must be clearly labeled as
containing confidential information.

3

5.      The Confidential Material may be copied or reproduced only to the extent reasonably necessary for this litigation. All such copies or reproductions shall be subject to the terms of this Protective Order.

6.      If the Court orders that access to or dissemination of the Confidential Material shall be made to persons not included in paragraph 3 above, such Confidential Material shall only be accessible to, or disseminated to, such persons after they have executed a confidentiality agreement in conformity with this Protective Order.

## II.      NO WAIVER

The disclosure of the Confidential Material pursuant to discovery or the procedures set forth in this Protective Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information.

## III.      USE IN DEPOSITIONS

The Confidential Material may be sued at a deposition involving a party or party's representative, and the terms of this Protective Order shall apply. The Confidential Material may be used at a deposition involving third-party witness referred in paragraph 3(E) above if: (a) the counsel for the party using such material advises the witness of the terms of this Protective Order and the witness agrees on the record to maintain the confidentiality of the material; or (b) the witness executes a confidentiality agreement in conformity with this Protective Order. If the witness declines to execute the confidentiality agreement or otherwise maintain the confidentiality of the material, the party seeking to use such Confidential Material must obtain leave from the Court before disclosing the material to the witness.

4

## IV.    APPLICATION OF THE PROTECTIVE ORDER AND CHALLENGES TO A PARTY'S DESIGNATION OF CONFIDENTIAL MATERIAL

1.    This Protective Order shall apply to all pleadings, deposition transcripts, discovery papers, briefs, summaries, notes, abstracts, or other documents or information that comprise, embody, summarize, discuss, or quote from any documents or information, in any form, produced in this litigation that contain or refer to the Confidential Material.

2.    Nothing in this Protective Order shall affect the admissibility into evidence of the Confidential Material, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of Confidential Material.

3.    A party's compliance with this Order shall not constitute an admission that information designated by the other party as Confidential Material is, in fact, confidential information. The Parties may challenge each other's designation of information as Confidential Material by filing a motion requesting further disclosure or declassification of Confidential Material. The disputed material shall continue to be treated as confidential until such motion is determined by the Court. Nothing hereby shall affect a party's right to contest any assertion or finding of confidentiality or privilege and/or to appeal any adverse determination of the Court regarding said confidentiality or privilege.

## V.    CONFIDENTIAL INFORMATION AT TRIAL

The Parties to this Protective Order expressly reserve at this time a determination as to the manner in which the Confidential Material subject to this protective Order may be used in an evidentiary hearing or at trial. Special procedures or *in camera* treatment, if any, may be determined in the future.

5

## VI.    **SPECIFIC DISCLOSURE**

By joint agreement, the Parties, through their counsel, may agree to any specific disclosure of the subject documents in a particular circumstance without prejudice to the continued application of this Protective Order regarding other sues of that Confidential Material.

## VII.    **MODIFICATION**

This Protective Order may be modified only by Order of the Court.

## VIII.    **RETURN OR DESTRUCTION OF THE DESIGNATED CONFIDENTIAL DOCUMENTS**

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the Parties shall either return or destroy the Confidential Material that are the subject of this Protective Order and provide written confirmation to the other counsel of record that the return or destruction of the Confidential Material has occurred.

IT IS SO ORDERED.

DISTRICT COURT JUDGE

Respectfully submitted by:

OLSEN PARDEN WILLIAMS, P.C.

By:*/s/ Shannon A. Parden*
   Shannon A. Parden
4253 Montgomery Blvd NE, Suite G-130
Albuquerque, NM 87109
Tel: (505) 881-2782
sparden@opclawfirm.com
*Attorneys for Defendants*

And

ERIC SEDILLO JEFFRIES, LLC

By:*Approved May 22, 2014*
   Eric Sedillo Jeffries
1201 Lomas Blvd., N. W., Suite A
Albuquerque, NM 87102
Tel: (505) 842-0400
esjeffries@jeffriesfirm.com
*Attorneys for Plaintiffs*

7